## LONDON v. YOUMANS.

1. A purchaser of a chattel for value without notice from a purchaser in possession with notice is protected against the claim of a prior mortgagee whose mortgage was unrecorded.

2. The record of a chattel mortgage in a county other than that in which the mortgagor resided, and a public sale thereunder, do not operate as constructive notice.

3. A point not raised by exceptions will not be considered on appeal, and there being no testimony in the Brief on this point, the fact will be assumed to be such as will support the judgment below.

Before ALDRICH, J., Hampton, March, 1888.

This was an action of claim and delivery by John R. London against Levi D. Youmans. The opinion states the case.

*Mr. C. C. Tracy,* for appellant.

*Mr. C. J. C. Hutson,* contra.

June 24, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER, This was an action to recover possession of a steam engine, to which, as we understand from the somewhat imperfect statement made in the "Case," the only defence interposed was that the defendant was a purchaser for valuable consideration without notice. The facts out of which the controversy arose are substantially as follows: one Jas. M. Richardson, a citizen and resident of Hampton County, being the owner of the engine in question, leased certain premises in Beaufort County from one William Elliott for the term of one year from the first of September, 1885, at a monthly rent of twelve 50–100 dollars, and placed the engine on said premises for the purpose of carrying on a rice mill. No part of the rent having been paid, Elliott, on the 1st of September, 1886, demanded payment of the same, when Richardson told him "the engine, boiler, and other machinery there in the store hereinbefore named were sufficient guaranty for his rent, and that the same would not be removed until his rent had been paid." Shortly afterwards, how-

ever, about the 21st of September, 1886, Elliott, discovering that
Richardson had removed some of the machinery above referred
to, "took actual possession for rent of the above named engine
and boiler, locked the gate and placed watchmen in charge; that
Richardson had been in possession of the above named engine and
boiler several years before, extending out to the world the idea
of ownership, and that there was no record to show that plaintiff,
or any other person, had any claim or interest in the aforesaid
engine and boiler; that Elliott held said engine and boiler under
his warrant of distress and levy some months, and upon failing
to get his rents, advertised and sold in accordance with the stat-
ute and bought said engine and boiler for an amount much
less than that due for rents," and subsequently sold the same to
the defendant, who removed the property to his residence in
Hampton County, where it was at the time of the commencement
of this action.

It appears, however, that the plaintiff held a mortgage on said
property, dated 25th August, 1885, but when the debt which it
was designed to secure fell due is not stated, though the inference
is that such debt became payable some time in 1886, probably on
or before the 28th of September of that year, as it is stated that
about that time the mortgage was placed in the hands of one
Rabb, with instructions to foreclose and sell said engine and
boiler, and that about that time these facts were communicated
by Rabb to Elliott, who, under the advice of counsel, "in addi-
tion to his possession as aforesaid, issued a distress warrant and
under said warrant levied on said engine and boiler, which latter
levy may have been made a few days later than date of record of
said mortgage." It also appears that the mortgage in favor of
plaintiff was never recorded at all until the 1st of October, 1886,
and then it was placed on record in the County of Beaufort, in-
stead of the County of Hampton, where the mortgagor resided.
The sale under the distress warrant was not made until 11th of De-
cember, 1886, and in the meantime, though at what precise time,
except that it was "between September and December," does not
appear, the engine and boiler were sold under the mortgage and
bought in by the plaintiff, though the property was then in the
possession of Elliott and so remained until it was sold to the de-

fendant, who, it is conceded, had no actual notice of plaintiff's mortgage when he bought.

Under an agreed statement of facts, the material portions of which have been copied or stated above, the case was by consent submitted to the Circuit Judge, without a jury, who held that two questions were presented: 1st. Whether Elliott was a subsequent purchaser without notice. 2nd. Whether the defendant was an innocent purchaser for valuable consideration without notice; and having determined that both of these parties occupied that position, he rendered judgment dismissing the complaint.

From this judgment plaintiff appeals upon the following grounds: "1st. Because his honor erred in holding, in effect, that the personal property herein referred to was liable to distress for rent due by J. M. Richardson to W. Elliott. 2nd. Because his honor erred in not holding that such property was not liable for rent of J. M. Richardson. 3rd. Because his honor erred in not holding that actual notice of plaintiff's mortgage brought home to W. Elliott, defendant's vendor, before sale to defendant, was not (?) notice to defendant himself. 4th. Because his honor erred in not holding that a public sale under plaintiff's mortgage, prior to the sale to defendant, was notice to defendant of plaintiff's claim. 5th. For that his honor erred in not holding that, as against a party claiming by virtue of a levy either for rent or under execution, the mortgagee (the plaintiff) was the actual owner of the property. 6th. For that his honor erred in not holding that the mortgagor had no leviable interest in the chattels mortgaged."

Under the view which we take of this case, the interesting questions presented by the first, second, fifth, and sixth grounds of appeal become immaterial, and need not therefore be considered. For even assuming, for the purposes of this case, that each one of these grounds is well taken, and that Elliott cannot be regarded as a purchaser for valuable consideration without notice (though we must not be regarded as so deciding), yet the controlling inquiry remains, whether the defendant can be so regarded. In 2 *Pom. Eq. Jur.*, sect. 754, the rule is stated as follows: "If a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he

thereby becomes a *bona fide* purchaser and is entitled to protection." In a note to that section it is said: "The same rule applies under the recording acts. If A, without notice of a prior unrecorded deed or encumbrance, purchases from B, who had notice, his title is free." This rule has been in terms recognized and followed in the recent case of *Jones* v. *Hudson* (23 S. C., at page 501), where other authorities are cited. Applying this rule to the present case, if the defendant, who was the second purchaser, had no notice of the plaintiff's claim at the time he bought from Elliott, he will be protected, whether his vendor, Elliott, had notice or not. The property at the time he bought was in the possession and under the control of Elliott, and had been for several years in the possession and under the control of Richardson, from whom Elliott acquired it; and surely with these *indicia* of ownership of property of that class, the defendant should be protected in his purchase against unrecorded liens or claims in the hands of the plaintiff or any one else, of which he had no notice.

So that the only remaining inquiry is whether the defendant had notice. It is conceded that he had no actual notice at the time he bought, and the mortgage having been recorded in the wrong county certainly could not affect him with constructive notice. It is urged, however, that the public sale under plaintiff's mortgage prior to the sale to defendant was notice to defendant of plaintiff's claim. Exactly when and where such sale took place does not appear, but as the mortgaged property was not removed from Beaufort County to the County of Hampton until after the sale to defendant, the sale must have taken place in Beaufort. Now, surely the sale in Beaufort of personal property under a mortgage cannot be regarded as any notice whatever to the defendant, who resided in Hampton County. The citizens of one county will certainly not be presumed to know what is going on in another county. But however this may be, it is quite clear that a public sale under a chattel mortgage, unless knowledge of it is brought home to the party to be affected, cannot be regarded as such notice as would supersede the necessity for registration. In *City Council* v. *Page* (Speer Eq., at pages 211–12), Harper, Ch., after adverting to the distinction between

the character of notice to supply a defect of registration and to rebut an equity, lays it down as the well established rule, "that to supply the want of registration the notice must be full, explicit, and clearly proved. * * * *Lis pendens*, which is notice to rebut an equity, will not supply the want of registration."

The appellant has raised another point in the argument here, which, so far as appears, was not made in the Circuit Court, and certainly is not presented in any of the exceptions; and for this reason we have been careful to set out fully the grounds of appeal. That point is, that it does not appear that defendant actually paid the purchase money at the time he bought the property in question, which, of course, is necessary to support the plea of purchase for valuable consideration without notice. But as no such point appears to have been taken or considered in the Circuit Court, and is not made in any of the grounds of appeal, which only present questions as to the matter of notice and of the liability of the property to seizure under the distress warrant, it cannot be considered here. The Circuit Judge having determined that the defendant was an innocent purchaser for valuable consideration without notice, we are bound to assume that every fact necessary to sustain such a plea was made to appear, except those specially pointed out as wanting by some exception; and certainly there is no intimation in any of the grounds of appeal that it did not appear that defendant had actually paid the purchase money before he acquired notice of plaintiff's claim.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.