Virginia G. Ford, appellant, v. Cari Louise Axelson et al., appellees.

Filed June 8, 1905. No. 13,842.

1. **Quitclaim: After-Acquired Title.** If a grantor of quitclaim obtains an instrument that evidences and fortifies the very estate or interest which his deed purports and was intended and effectual to convey, such instrument inures to the benefit of his grantee.

2. **Purchaser: Good Faith.** "A purchaser with notice from a prior purchaser who was entitled to protection as a *bona fide* purchaser without notice, is himself entitled to protection against the previous equitable claim, which was invalid as against his grantor." Lake, C. J. in *Garland v. Wells,* 15 Neb. 298.

Appeal from the district court for Gosper county: Robert C. Orr, Judge. *Reversed with directions.*

*R. J. Ahara* and *H. M. Sinclair,* for appellant.

*O. C. Bozarth* and *J. T. McClure, contra.*

Ames, C.

The record in this case recites, and the briefs and arguments of counsel discuss, a tangled web of circumstances of no slight dimensions and complexity, but we think that the legal rights of the parties are to be determined by a consideration of a very few of them, to which alone our attention will be confined.

On March 6, 1897, Emma S. Challberg and Olive M. Axelson were in the possession, and appeared by the public records to be the absolute owners in fee, of a tract of land described in the pleadings. If any other person or persons had any right, title or interest, legal or equitable, in or to the property, or any of it, that fact was known only to such persons and to the parties named. On that day they executed a mortgage upon the lands to Fred P. McCormick to secure an indebtedness evidenced by their

promissory notes.   In 1899, the indebtedness having be-
come due and remaining unpaid, a suit in foreclosure was
begun and prosecuted by the mortgagee against the mort-
gagors and all persons having a known or apparent inter-
est in the lands, and terminated in the usual decree of
foreclosure and sale on the 7th day of March in that year.
Pursuant to the decree the lands were duly and regularly
appraised, advertised and offered for sale, and were sold
on the 9th day of July, 1900, to the mortgagee, who was
the highest bidder therefor, and the sale was duly con-
firmed on the 4th day of the following December.   On the
second day of December, 1902, a sheriff's deed, pursuant
to the sale and confirmation, was executed and delivered
to the purchaser, and on the same day made of record in
the clerk's office of the county.   On the 11th day of March,
1901, after the sale and confirmation, but before the ex-
ecution of the sheriff's deed, McCormick, for a valuable
consideration, made an assignment of the decree of fore-
closure to the plaintiff and appellant herein Virginia G.
Ford, and on the 26th day of the same month, upon the
same consideration, quitclaimed and conveyed the land to
her by deed.

It is not disputed or questioned that McCormick was a
*bona fide* mortgagee, plaintiff and purchaser for value in
all that the term expresses or implies.   There can be no
doubt, therefore, that, upon the entry of the order of the
confirmation, not afterwards impeached, he became the
full and absolute owner of the entire equitable or bene-
ficial title to the land in question; and it has been already
decided by this court that a deed of mere quitclaim and
release is sufficient to convey such title to the grantee
therein.   *Leavitt v. Bell,* 55 Neb. 57.   The deed of Mc-
Cormick to appellant is, however, an instrument of higher
dignity than a deed merely of quitclaim, demise and re-
lease.   By it the grantor expressly quitclaims and "con-
veys" the land, and by section 50, chapter 73, Compiled
Statutes, 1903 (Ann. St. 10253), it is enacted that "every
conveyance of real estate shall pass all the interest of the

grantor therein, unless a contrary intent can be reasonably inferred from the terms used." There can be no doubt, therefore, that this deed conveyed all the equitable and beneficial title to the land to Mrs. Ford, and that when the sheriff's deed was subsequently executed and delivered it inured to her benefit, and that she became thus invested with as complete and unassailable a title as her grantor would have done if the former instrument had not been executed or the decree assigned. *Hagensick v. Caster*, 53 Neb. 495, and *Troxell v. Stevens*, 57 Neb. 329, holding that an after-acquired title by a grantor in a deed of quitclaim does not inure to his grantee, and other authorities to like effect, are not in point for two reasons: First, the deed in question is not a mere deed of quitclaim but one of conveyance; and second, the grantee in the sheriff's deed did not obtain by that instrument an after-acquired title, within the meaning of the decisions cited, but merely an evidence and fortification of the title which he had already obtained by the judicial sale and confirmation, and which he had previously conveyed away, so that if his deed to the appellant had been one merely of quitclaim and release, it would have estopped him from claiming that the interest he had parted with thereby had revested in him by virtue of an instrument whose sole office is to evidence its validity and value. However, McCormick's deed to the appellant purported to convey the tract of land, that is, the entire title, and is more properly described as a grant of the land without express covenants than as a quitclaim, and it, therefore, by force of section 51 of the chapter above cited, would have conveyed any after-acquired interest.

On the 4th day of May, 1901, after the judicial sale had been confirmed and after the deed from the purchaser to appellant had been executed and delivered and made of record, there was spread upon the real estate records of the county a writing subscribed by the defendant herein, Andrew Axelson, and purporting to have been made not only in his own behalf, but also on the behalf of his

mother, Cari Louise Axelson, and all of the other defend-
ants herein; and in which it was recited, in substance,
that the mortgagors at and before the execution of the
mortgage were not the owners of the mortgaged premises
in their own right, but in trust for themselves and the
defendants as the widow and heirs at law of one Axel
Axelson, deceased, and proclaiming an intent by said
persons to assert and maintain their alleged rights and
interests in the property accordingly. Shortly afterwards
this action was begun by the appellant to procure said
writing to be adjudged a cloud upon her title, and to
obtain a decree perpetually quieting the latter against it.
The defendants filed a cross-petition, in which they as-
serted the claim set forth in the writing, and averred that
at and before the plaintiff obtained her conveyances she
was cognizant of the alleged interests and titles of the de-
fendants, and of each of them severally, and of the circum-
stances out of which the same were averred to have arisen,
and had dealt with the land in fraud of them, and prayed,
in effect, that the plaintiff be adjudged to hold the title to
the lands upon the same trusts and confidences upon
which it was alleged to have been formerly held by the
mortgagors, and that she be decreed to account for the
value of the use and occupation of the lands during her
possession of them, and that title to the lands be ad-
judged and quieted in the defendants in conformity to
the terms of the alleged trusts. There was a reply con-
sisting of a general denial, and a trial which resulted in a
decree in substantial conformity to the prayer of the
cross-petition.

To set forth the issues more at length, or the evidence
at all, would be fruitless of benefit or advantage to any
one. It is a familiar elementary principle, at least as old
as any existing system of jurisprudence, that, in the lan-
guage quoted and adopted by this court in *Garland v.
Wells*, 15 Neb. 298, "a purchaser with notice from a prior
purchaser who was entitled to protection as a *bona fide*
purchaser without notice, is himself entitled to protection

against the previous equitable claim, which was invalid as against his grantor." Accepting the defendants' own version of the transactions under investigation, this language is exactly descriptive of the present case. The plaintiff, now appellant, is a purchaser from McCormick, the mortgagee and purchaser at the judicial sale, who, it is conceded by all parties, was entitled to protection as a *bona fide* purchaser for value, without notice. Therefore, whatever equitable rights the defendants, or any of them, may have had in the premises, and however cognizant of them the plaintiff may have been, it is immaterial to inquire, because she is entitled to the protection enjoyed by her grantor against them.

It is therefore recommended that the judgment of the district court be reversed, and the cross-petitions dismissed, and the cause remanded, with instructions to enter a decree in conformity with the prayer of the plaintiff's petition.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and the cross-petitions dismissed, and the cause remanded, with instructions to enter a decree in conformity with the prayer of the plaintiff's petition.

REVERSED.