6812

CHARLESTON LIVE STOCK CO. v. COLLINS.

1. CONTINUANCE.—Refusal to continue case by magistrate under facts here sustained.

2. EVIDENCE.—IF CORPORATE CAPACITY of plaintiff is not denied it is unnecessary to offer evidence on that point.

3. EXCEPTION.—If record does not show ruling by magistrate as to admission of evidence, exception thereto will not be considered.

4. EVIDENCE.—DECLARATIONS by one defendant in presence of his co-defendants are admissible against all.

5. RECORDING CHATTEL MORTGAGE.—That a mule was in Florence County when sold and delivered, note was taken in that county for purchase money, chattel mortgage on mule was executed and probated in that county, but note of record indorsed on it did not indicate the county of record, is presumptive evidence that mortgage was recorded in proper county and is notice to all parties in any part of the State.

6. FRAUD.—DEFENSE OF PURCHASER FOR VALUE WITHOUT NOTICE can not be set up by parties who have colluded together to defeat the lien of a chattel mortgage, and to deprive another of his property, with such notice of the mortgage as would put a prudent buyer on inquiry.

Before HYDRICK, J., Darlington, January, 1907. Affirmed.

Action by Charleston Live Stock Company against George Collins, Luke Outlaw and D. W. Smith. From order of Circuit Court affirming judgment of Magistrate Henry E. P. Sanders, defendants appeal.

*Mr. Geo. W. Brown,* for appellants, cites: *Error to refuse continuance:* 68 S. C., 138. *As to notice:* Code 1902, 2456; Jones on Chat. Mtg., Sec. 256; 22 Ency., 1270. *Probate is not in proper form:* 22 S. C., 332; 21 S. C., 268; 33 S. C., 436; 39 S. C., 89.

March 20, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action in claim and delivery, brought in the magistrate court, involving the issue of title to one bay mare between plaintiff and defendant Outlaw.

It appears that one W. D. Lawhorne purchased a mule from J. S. Sanders in Florence County on March 19, 1904, and gave him a chattel mortgage thereon to secure the debt, payable on the first day of May, 1904. On May 14th of that

year Lawhorne sold the mule in Darlington County to B. L. Outlaw for $50, who testified that he purchased the mule for defendant D. W. Smith. Smith claimed to have sold the mule to one George Collins, a piano dealer, who drove the mule to Bishopville in Lee County next day, May 15th, and there on the following day traded with plaintiff for a bay mare for which he gave the mule and $15 to boot. It is claimed that Collins sold the mare the same day to Outlaw for $145. A few days afterwards Sanders took the mule from plaintiff under said chattel mortgage. The plaintiff after tender of the $15, demand for the mare and refusal by defendant, commenced this action.

Defendants interposed the defense of purchasers for value without notice of the Sanders mortgage.

The magistrate rendered judgment in favor of the plaintiff for the return of the mare or her value, $97.50, and on appeal to the Circuit Court this judgment was affirmed.

We agree with the Circuit Court that the magistrate did not abuse his discretion in refusing a continuance on account of the absence of defendant Collins. The case had been previously continued on account of the absence of defendants' counsel, and there was no sufficient showing that the motion was not made for delay, nor as to the testimony Collins would have given had he been present, nor that any proper steps had been taken to procure his testimony.

It is contended that there was no proof of plaintiff's corporate capacity. There was no denial by the defendant of the corporate capacity and hence it was unnecessary to offer proof on that point. *Montgomery* v. *Seaboard Air Line Ry.*, 73 S. C., 503, 53 S. E., 987.

We next notice exceptions to the rulings as to the admissibility of testimony.

1. It is excepted that the magistrate erred in excluding the testimony of Alick Lucas as to declarations made by Lawhorne at the time he sold the mule to defendant, Out-

law, as to whether there was any incumbrance on the mule. This exception can not be sustained, because the record does not show that the magistrate made any ruling on the subject, and, therefore, it is unnecessary to consider whether, if the testimony was admissible, its alleged exclusion was prejudicial.

2. There was no error in allowing witnesses, Condor and McLaughlin, to testify as to declarations of Collins in reference to the transaction. The testimony was certainly admissible as against Collins, he being a party defendant, and it was also admissible against the other defendants, because the same declarations were repeated in his and their presence.

Appellants further contend that the Circuit Court erred in holding that the alleged chattel mortgage was recorded in the proper county, Florence County, and in holding inferentially, that the mortgagor, Lawhorne, resided in Florence County. There was testimony that the mule was actually in Florence County at the time it was sold and delivered by Sanders to Lawhorne. The note was dated at Florence, S. C. The mortgage was executed in Florence County, probated in Florence County, and on the back of the note and mortgage appears this indorsement: "State of South Carolina, County of .......... W̄. D. Lawhorne to J. S. Sanders, Note and Mortgage, March 23, 1904, and recorded in Book 'G,' page 748. J. W. McCown, Clerk."

This, in the absence of any testimony whatever to the contrary, was certainly presumptive evidence that the mortgage was recorded in the proper county. This was constructive notice to all parties dealing with the mule in any part of the State. *Gregory* v. *Ducker,* 31 S. C., 142, 9 S. E., 780; *Crafton* v. *Patrick,* 77 S. C., 420, 58 S. E. Rep., 1. Therefore, plaintiff could not have successfully resisted Sanders' claim to the mule.

The remaining question to be considered is, whether the Circuit Court erred in finding against defendants on their

plea of purchasers for value without notice.  Upon this point, the Circuit Court found "that the defendants were in collusion with each other in trying to shift the apparent ownership of the mare and mule, so as to defeat the claims of the owner of the one and the holder of the mortgage on the other, and further, that they had notice of facts, which would have put any prudent and honest buyer on inquiry, which pursued with proper diligence, would have led to the discovery of the truth if, indeed, they did not have actual knowledge of the fact of the mortgage. The testimony fails to satisfy me that the defendants were innocent purchasers for value without notice." The Circuit Court further held that defendants had constructive notice of the Sanders mortgage by the record of same in Florence County.

The plea of purchaser for value without notice is equitable unless arising under the recording acts. *Armour* v. *Ross*, 75 S. C., 206.  If in this case, which is an action at law, the plea be treated as raising a legal issue, the decision of the Circuit Court thereon is final and conclusive; but even if it should be treated as raising an equitable issue, we are unable to say that such finding of fact by the Circuit Court is against the preponderance of the evidence.

No question has been raised as to procedure and remedy, the Circuit Court and both parties having assumed that an action in claim and delivery is maintainable under the circumstances disclosed in this case.

The judgment of the Circuit Court is affirmed.