### 7574

### SOUTHERN RAILWAY v. CARROLL.

1. REAL PROPERTY—PURCHASER FOR VALUE.—The grantee of a tract of land under a deed without general warranty from a grantor in apparent adverse possession for twenty years, is a purchaser for value without notice of a conveyance of the land to grantor for life, but not recorded and of which he had no actual notice.

2. IBID.—DEEDS.—The holder of a quit claim deed is entitled to the protection of the plea of purchaser for value without notice.
   *Aultman v. Utsey,* 34 S. C., 359, *criticised.*

3. IBID.—PURCHASER FOR VALUE—NOTICE.—A purchaser with notice who buys from a prior purchaser for value without notice is entitled to the same protection as his grantor.

4. IBID.—IBID.—NOTICE—PRINCIPAL AND AGENT.—Actual notice by a grantor to the duly authorized representative of a railroad company buying a right of way that he only had a life estate in the land deprives the company of the claim that it was a purchaser for value without notice of such unrecorded deed.

5. REHEARING refused.

Before WATTS, J., Barnwell, Spring Term, 1909.   Reversed.

Action by Southern Railway Company and Southern Railway, Carolina Division, against Julia R. Carroll and W. Gilmore Simms as clerk of court.   From judgment for defendants, plaintiff appeals.

*Messrs. Harley & Best* and *B. T. Rice,* for appellant, cite: *Purchaser with notice from one without is protected:* 2 Pom. Jur., secs. 752, 758; 87 A. S., 430; 6 Rich. Eq., 177; 20 S. C., 190; 23 S. C., 570; Speer. Eq., 211; 31 S. C., 151. *First grantor from life tenant takes fee simple:* 148 U. S., 21; 54 R. I., 596.

*Messrs. Bates & Simms,* contra, cite: *Plaintiff grantor put on inquiry by want of warranty in deed:* 34 S. C., 571; 71 S. C., 67.

The opinion herein was filed February 24, but remittitur held up on petition for rehearing until

May 11, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On the 27th day of August, 1887, William S. Reynolds, in consideration of four hundred and fifty dollars, conveyed a right of way to the Blackville, Alston & Newberry Railroad Company. On the 11th day of May, 1891, the Blackville, Alston & Newberry Railroad Company was consolidated with the Barnwell Railway Company under the name of the Carolina Midland Railway Company, and on the 23d day of June, 1902, the Carolina Midland Railway Company was consolidated with other railroads under the name of the Southern Railway, Carolina Division. On the 30th day of June, 1902, all the franchises and property of the Southern Railway Company, Carolina Division, was leased to the Southern Railway Company for the term of nine hundred and ninety-nine years. Thus the Southern Railway, Carolina Division, and the Southern Railway Company succeeded to whatever rights the Blackville, Alston & Newberry Railroad Company acquired under the deed made by William S. Reynolds.

Reynolds had been in possession of the tract of land which embraced the right of way for more than twenty years

before the date of the deed made by him; and he remained in possession until his death in November, 1888. Thereafter on the 25th day of February, 1889, a deed was recorded in Barnwell County from Darling Peebles, dated the 5th day of March, 1848, purporting to convey the lands of which Reynolds had been in possession, including that covered by the right of way which he had undertaken to convey to the railroad company, to Julia Reynolds, the daughter of Darling Peebles, and her husband, William S. Reynolds, "for and during the term of their natural lives, and to the survivor of them, and from and after their deaths, to their three children, Julia Reynolds, Laura V. Reynolds, and Anna Reynolds, and their heirs forever."

In 1889, after the death of Julia Reynolds and Wm. S. Reynolds, the land was divided among their three daughters mentioned in the deed; and Julia Reynolds, who afterwards became by marriage Mrs. Julia Carroll, acquired by deed all the interest of her two sisters in the portion of the tract over which the railroad company is operating its trains under the claim of a right of way acquired from William S. Reynolds.

On the 15th day of September, 1904, Mrs. Carroll presented her petition to Judge James Aldrich, alleging that William S. Reynolds held under the deed from Peebles, and therefore could grant a right of way only to the extent of his life interest, and asking that the clerk of the Court of Common Pleas of Barnwell County be directed to empanel a jury to ascertain the compensation to be paid to her for the use of the right of way. On the 6th of September, 1904, the order asked for was made. The proceedings were against the Southern Railway alone, but on the 19th of October, 1904, the petition and order were amended by making the Southern Railway, Carolina Division, and the Carolina Midland Railway Company parties defendant.

The Southern Railway and Southern Railway, Carolina Division, then brought their action to enjoin the proceeding

to assess compensation to Mrs. Carroll.   Mrs. Carroll died after the action for injunction was commenced, and William Gilmore Simms, clerk of the Court of Common Pleas, who in his official capacity administered on her derelict estate, was made a party defendant.

The main questions made by the complaint for injunction and the answer were: First, if the Blackville, Alston & Newberry Railway Company were still in possession of the right of way, would it be protected as a purchaser for value without notice against the claim of Mrs. Carroll, by reason of the fact that it received a conveyance from Reynolds in 1887, and the deed of 1848, under which Mrs. Carroll claims, was not recorded until 1889?

Second, if the first question be answered in the affirmative, would the Southern Railway, Carolina Division, and its lessee, the Southern Railway Company, be protected as the grantees or successors of the rights of the Blackville, Alston & Newberry Railroad Company, although the right and title of that railroad company was not acquired until 1902, after the deed under which Mrs. Carroll claims was recorded?

After the introduction of the various records, and of evidence as to the location and value of the land, the Circuit Judge dismissed the complaint for injunction and submitted to the jury only the question of the amount of damages. Thereupon the jury returned a verdict of $1,510 in favor of the plaintiff.

The two questions above stated are made by the exceptions; and as there is no conflict in the evidence, they are really issues of law.

At the time that William S. Reynolds conveyed to the Blackville, Alston & Newberry Railway Company, he had been in the apparent adverse possession of the land for more than twenty years, and there was no proof that the railroad company had any notice by record or otherwise of his holding under a deed which conveyed only a life estate to himself and wife, with remainder

to their three daughters. The deed to the railroad company, it is true, did not contain a covenant of general warranty, but this fact does not impair its right to claim the protection of the recording statute. The respondent relies on the case of *Aultman* v. *Utsey,* 34 S. C., 559, 13 S. E., 848, as sustaining the position that the absence from a deed of a covenant of general warranty is sufficient in itself to put a purchaser on inquiry as to defects in the title. Chief Justice McIver in the opinion did indicate that as the view of the Court; but the point decided in the case was that there were a number of other facts, which, in connection with the absence of a general warranty in several of the deeds, were sufficient to put the purchaser on inquiry. In accepting the view that the grantee who takes a quitclaim deed is not entitled to the protection of the recording acts, the Court seems to have been influenced mainly by the opinion of the Supreme Court of the United States, expressed in *Oliver* v. *Platt,* 3 Howard, 33, and *May* v. *LeClaire,* 11 Wallace, 217. Hence the authority of *Aultman* v. *Utsey* on the point is much weakened by the fact that the Supreme Court of the United States, in *Moelle* v. *Sherwood,* 148 U. S., 21, 37 L. Ed., 350, and *U. S.* v. *California and Oregon Land Co.,* 148 *U. S.,* 31, 37 L. Ed., 354, has repudiated the doctrine in the two older cases and laid down the rule that the holder of a quitclaim deed is entitled to the protection of the plea of purchaser for value without notice. In the elaborate note of *Babcock* v. *Wells* (R. I.), 105 Am. St., 848, Mr. Freeman collates the authorities on both sides and shows that this later view is gaining in judicial recognition.

In *Martin* v. *Ragsdale,* 71 S. C., 67, 50 S. E., 671, this Court laid down and applied the later and better rule. As pointed out in that case, the statute law of this State prescribes a form of conveyance as "valid and effectual to convey from one person to another or others the fee simple of any land or real estate," and the form so prescribed does not contain a warranty clause. The statute law further pro-

vides that deeds conveying real estate shall be valid so as to affect subsequent purchasers for value only when recorded as required by the act. Certainly, the Courts cannot say that one who pays value and takes a deed without warranty in the form prescribed by the statute is not a purchaser of real estate within the meaning of the recording act. We conclude, therefore, that the Blackville, Alston & Newberry Railroad Company, under the evidence before the Court, was a purchaser for value without notice, and entitled to protection against Mrs. Carroll's claim.

As to the second question, there can be no doubt. A purchaser with notice, who buys from a prior purchaser for value without notice, is entitled to the same protection as his grantor. The law is established by numerous decisions as stated by Chancellor Johnson in *Brown* v. *Wood*, 6 Rich. Equity, 176: "Whenever, in tracing a title in defendants, you first come upon an innocent purchaser having no notice, from that moment the title is sacred in equity, under which principle, a purchaser with notice, from one without notice, is protected in this Court." *McKnight* v. *Gordon*, 13 Rich. Equity, 223; *Herring* v. *Cannon*, 21 S. C., 217; *Jones* v. *Hudson*, 23 S. C., 501.

We think the Circuit Judge was therefore in error in dismissing the complaint for injunction under the evidence offered. Examination of the evidence, however, leads to the conclusion of this Court in reversing the judgment should not grant a perpetual injunction, but remand the case for a new trial under the principles herein announced. The evidence of the witness, W. T. Walker, seemed to show that he was one of the incorporators of the Blackville, Alston & Newberry Railroad Company, and that as the agent of the railroad company he made the purchase of the right of way from William S. Reynolds. On the objection of plaintiff's counsel the testimony of this witness as to all statements by William S. Reynolds concerning his title, made to the witness while he was acting as

agent for the railroad company procuring the right of way, was excluded. The defendant could not appeal from this ruling as to the exclusion of evidence, because the judgment was in his favor. If William S. Reynolds gave to the duly authorized representative of the railroad company notice that he held only a life estate in the land, with remainder to his daughters, and the railroad company took the title and paid for the land with this notice, then it could not claim to be a purchaser without notice. On another trial this testimony may be incompetent, because it may turn out that the witness was not such a representative of the railroad company, as that notice to him would bind the company, but as the matter appears on the record before us, the defendant was entitled to the evidence.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the cause remanded to the Circuit Court for a new trial.

May 11, 1910. PER CURIAM. We are unable to discover any material issue that has not been carefully considered.

It is therefore ordered that the petition for rehearing be dismissed and the order heretofore granted, staying the remittitur, be revoked.