MARGARET TRUDEAU, APPELLEE, v. EDWARD H. FISCHER, SHERIFF, ET AL., APPELLANTS.

FILED MAY 29, 1914.   No. 17,489.

1. **Deeds:** CONSTRUCTION.   The instrument set forth in the opinion *held* to be more than a quitclaim deed and to convey by apt words all the right, title and interest of the grantor in certain real estate devised to him by the will of his father.

2. **Judgment Lien.**   After this deed was made, a transcript of a judgment against the grantor was filed in the office of the clerk of the district court for the purpose of securing a lien upon his real estate.   Subsequently he became the owner, by survivorship under the will, of a further interest in the real estate.   *Held,* That his title and interest derived by virtue of the will, together with his right of survivorship, had passed to his grantee, and that the filing of the transcript and the issuance of an execution did not create a lien thereon.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE.   *Affirmed.*

*Andrew P. Moran,* for appellants.

*Paul Jessen, contra.*

LETTON, J.

This action was brought to procure an injunction against the levy of an execution upon an undivided interest in 160 acres of land as the property of John Trudeau. A permanent injunction was granted, and defendants appeal.

Nelson Trudeau died on January 6, 1897, leaving surviving him Margaret Trudeau, his wife, and seven children, Laura, Olive, Annie, Nellie, John, Charlie and Maggie. He left a will which was duly probated and allowed. If construed as plaintiff contends it should be, five of the

children of Nelson Trudeau acquired a fee simple title to the tract of land levied upon. This they afterwards conveyed to their mother, the plaintiff in this case.

Defendants' position is that the provisions of the will prevent a fee simple title from vesting, and that upon the death of any one of the children at any time without issue the share of that child went to the surviving children of Nelson Trudeau. Without entering into an extended discussion, we are of opinion that whichever horn of the dilemma is taken the judgment of the district court should be sustained. If the children took a title in fee, then the plaintiff has acquired that title. If they did not take a title in fee, the facts hereinafter set forth show that whatever title John Trudeau acquired by virtue of the death of his brother Charles and sister Maggie, and his survivorship under the will, he conveyed during his lifetime to his sister Laura, and the plaintiff has received the same by conveyance from her.

John Trudeau, one of the children and devisees, married Emma Vette, who afterwards obtained a divorce from him, and procured in that action a judgment of $1,000 alimony for the support of herself and their infant son. A transcript of this judgment was filed in the office of the clerk of the district court for Otoe county in May, 1903. The execution, the enforcement of which was enjoined in this action, was issued on this judgment. Mrs. Trudeau afterwards married one Ruge, and she is the real party in interest in this case as execution creditor. Maggie Trudeau, one of the devisees, died testate and without issue about April 3, 1903, leaving her interest in the real estate to her mother. Charles Trudeau, another of the devisees, died intestate without issue about July 9, 1904. Before his death he transferred all right, title and interest he had in the real estate, describing it specifically, to his sister Olive E. Ahsan.

On July 9, 1903, John Trudeau, for an expressed consideration of $1,850, executed a conveyance to his sister Laura Straub, reciting that he "has granted, conveyed, released, remised, and quitclaimed, and by these presents

do grant, convey, remise, release and forever quitclaim unto the said party of the second part, and to her heirs and assigns forever, all his right, title, interest, estate, claim and demand, both at law and in equity, of, in and to the following described real estate situated in Berlin precinct, Otoe county, and state of Nebraska, to wit: All his right, title, emoluments, interest, claim and demand of all kind and nature, granted and conveyed by the last will and testament of Nelson Trudeau, deceased, to this said grantor by said instrument now on file and of record in the county judge's office in said county and state, my intention being to convey both at law and in equity all of my interest and claims and demands in said estate for the above named consideration which has been fully paid." This deed was recorded on July 15, 1903. Suit was afterwards brought by the judgment creditor, Mrs. Ruge, to set it aside, but the court found, after issue joined, and trial had, that the deed was valid, was made in accordance with a contract made in 1897, and was not subject to the judgment lien. Mrs. Straub, however, disclaimed any right to any interest which John Trudeau "may have had or may now have  *   *   *  as an heir or devisee of Maggie Trudeau, deceased," and limits her claim to the interest which he had on November 25, 1897, as devisee and legatee of Nelson Trudeau, deceased.

In August, 1905, Laura Straub and all the other living children of Nelson Trudeau conveyed the land to Olive E. Ahsan, and she conveyed the same to the plaintiff.

Plaintiff contends that, if John Trudeau took any interest under the will by survivorship on the death of Charles and Maggie, it passed to his grantee by the deed previously made. This instrument was more than a quitclaim. It conveyed by apt words all the interest in his father's estate which John was, or could be, entitled to under the will, which, of course, included his right of survivorship. After its execution the share of the estate devised to Charles and Maggie came to him by virtue of the terms of the will, and passed *eo instante* by his former deed to Laura. Rev. St. 1913, secs. 6192, 6193. The

case is ruled in this respect by *Ford v. Axelson,* 74 Neb. 92, which is not so strong in its facts as this. *Hagensick v. Castor,* 53 Neb. 495. His entire interest in the estate had passed before the filing of the transcript. The disclaimer of Mrs. Straub only extended to the estate he might take as an heir or devisee of Maggie Trudeau, at her decease, but as he took under the will of his father, and not as her heir or devisee, this had no application to the interest which came by the devise from his father. Plaintiff, having acquired from his grantees all that John Trudeau had to convey before any lien attached, was entitled to the injunction.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.