12987

McCANDLESS, RECEIVER, v. KLAUBER *ET AL.*

(155 S. E., 141)

*Messrs. Nathans & Sinkler,* for appellants,

*Mr. Thomas H. Moffatt,* for James E. Peurifoy as Receiver, and *Mr. M. S. Connor,* for R. B. McCandless as Receiver,

October 2, 1930.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action commenced in June, 1928, by the plaintiff, as Receiver of the First National Bank of St. George, for the foreclosure of a certain mortgage executed by the L. A. Klauber Company on January 14, 1920, to W. A. Klauber, to secure the payment of a note given by the corporation to W. A. Klauber, for his interest in the mortgaged property and in the corporation, later assigned to the First National Bank of St. George under the circumstances hereinafter detailed, and for the adjustment of certain equities between the defendants and the plaintiff.

It appears that W. A. Klauber, Alice K. Jordan, and R. L. Klauber were the owners of certain real estate, consisting of "a store building and other property," in the Town of St. George. They conveyed it to the L. A. Klauber Company, a corporation, the stockholders of which were W. A. Klauber, R. L. Klauber, and Alice K. Jordan, in January, 1920. It seems that W. A. Klauber desired to retire from the corporation as a stockholder, and accepted from the corporation a note for $8,000, secured by a mortgage upon

the real estate, dated January 14, 1920, in satisfaction of his interest in the real estate and in the corporation. This mortgage was not recorded until *February 24, 1923.*

In the meantime, on the 26th day of October, 1922, E. F. A. Wieters & Sons obtained a judgment in the Court of Common Pleas against the corporation and against Alice K. Jordan and R. L. Klauber for $3,255.82 upon a note of the corporation indorsed by Alice K. Jordan and R. L. Klauber.

On the ...... day of November, 1924, W. A. Klauber, the mortgagee, assigned the $8,000 note and mortgage to his wife, Mrs. M. J. Klauber.

On the 18th day of November, 1924, Mrs. M. J. Klauber assigned the $8,000 note and mortgage to the First National Bank of St. George, to secure a note for $4,095.75.

On December 18, 1924, Mrs. M. J. Klauber assigned her equity in the $8,000 note and mortgage, to American Bank & Trust Company, to secure a note of $5,000.

On December 19, 1924, Mrs. M. J. Klauber assigned her equity in the $8,000 note and mortgage, to American Bank & Trust Company, to secure a second note of $5,000.

On August 25, 1926, M. L. Jordan, husband of Alice K. Jordan, purchased the Wieters judgment, upon which there was at that time unpaid, $2,095, with interest from *October 26, 1922,* erroneously stated in the Circuit Decree as *October 26, 1926,* and had it assigned to himself by Wieters. In the purchase of the judgment he used $1,520 of the funds of Mrs. L. A. Klauber, a person of unsound mind, represented in this proceeding by a guardian *ad litem.*

Alice K. Jordan was not made a party to the present foreclosure proceeding.

The case was referred to T. J. Appleby, Esq., Master of Dorchester County, to take the testimony and report his conclusions of law and fact. His report was filed in May, 1929. He recommended that the plaintiff have judgment in the sum of $4,095.78, which shall be a first lien upon the prop-

erty, and that the defendant Receiver for the American Bank & Trust Company have judgment in the sum of $10,000, etc., which shall be a second lien upon the property, and that the defendant M. L. Jordan be required to exhaust the unincumbered property of L. A. Klauber Company, first the personal property and then the realty, and then the unincumbered property of R. L. Klauber and Alice K. Jordan, who are joint judgment debtors with L. A. Klauber Company under the Wieters judgment, and that, if the same cannot be fully satisfied from these sources, then the same be satisfied from any residue arising from the sale of the property, the subject of this action.

To this report the defendants R. L. Klauber and M. L. Jordan filed exceptions. The case was heard by his Honor, Judge Mann, who filed a decree, dated December 31, 1929, in which he held that Mrs. L. A. Klauber had a first lien upon the premises for $1,691.26, which represented the funds belonging to her which M. L. Jordan had used in the purchase of the Wieters judgment, admittedly the first lien upon the property; that the plaintiff, Receiver of the First National Bank of St. George, had a second lien for $5,759.46, subject to the lien for taxes and the costs and disbursements of this action; that the defendant Peurifoy, as Receiver of the American Bank & Trust Company, had a third lien for $6,234.61; and that the defendant M. L. Jordan had a fourth lien for $894.91; that for these respective amounts the parties have judgment.

He held that M. L. Jordan, having had notice of the unrecorded $8,000 mortgage, was not entitled to claim the priority which Wieters may have claimed for their judgment, or that which was allowed by him to Mrs. Klauber.

His Honor further held that, as it appears that, after the rendition of the Wieters judgment, the Klauber corporation transferred its stock of goods to certain trustees, who are the present owners of the property, the owners of the Wieters judgment should, in exoneration in the assignees

of the $8,000 mortgage, make an effort to collect the judgment out of the personal property in the hands of the trustees, and should to that end force an accounting by the trustees. He doubted his authority to so direct in this proceeding and made no order in reference thereto.

He further held that, as a matter of equity, the Wieters judgment should not be enforced in full against the mortgaged property, but that it should be prorated between that property and the property that R. L. Klauber and Alice K. Jordan owned at the time of the rendition of the Wieters judgment. He accordingly referred the case back to the Master to report as to the property owned by these persons at such time, and the value thereof; "it being the intention of the Court, if possible, to prorate the amount due Mrs. Klauber among the property, the subject of this action, and the property owned by R. L. Klauber and Alice K. Jordan at the date of the Wieters judgment."

From this decree the defendants M. L. Jordan and R. L. Klauber have appealed.

M. L. Jordan contends that, as assignee of the Wieters judgment, he is entitled to a first lien to the extent of the amount due thereon, less the amount of the claim of Mrs. L. A. Klauber. As to this claim of Mrs. Klauber there does not appear to be any controversy; it amounts to $1,520, with interest at 7 per cent. from the date of the purchase of the judgment by M. L. Jordan, August 26, 1926.

The position of his Honor, Judge Mann, is that, as M. L. Jordan had notice of the prior unrecorded mortgage from the corporation to W. A. Klauber, later assigned to the banks as stated, he is not entitled to claim as a subsequent purchaser for value without notice, but that Mrs. Klauber was entitled to occupy that position.

There is no appeal from the conclusion sustaining the claim of Mrs. Klauber to the first lien upon the property; the storm center is his conclusion as to the claim of M. L. Jordan.

It is conceded that the Wieters judgment is a valid one, and, if it were now his property there would be no question but that he would have the first lien upon the mortgaged property. There is likewise no question as to the validity of the assignment of the judgment by Wieters to Jordan, except that Mrs. Klauber's funds contributed to the purchase money and to that extent she has the first lien. It is suggested that it was an afterthought of Jordan to set up Mrs. Klauber's interest, and something is said about the judgment in the possession of Jordan having been levied upon by one of his judgment creditors. How this could have been done we are not informed. At any rate, the circuit decree establishes Jordan's interest in the judgment at $894.91, from which there is no appeal.

The evidence that Jordan knew of the $8,000 unrecorded mortgage is exceedingly scant. The principal matter relied upon is that he was the husband of Mrs. Jordan, who was a stockholder in the corporation; outside of this we find nothing to show that he had notice of it.

But, assuming that Jordan had actual notice of the existence of the $8,000 mortgage, the question would arise whether that notice would deprive him of the interest which he acquired in the Wieters judgment; in other words, must the purchaser of a perfectly valid prior lien be subordinated to an unrecorded mortgage of which his assignor had no notice, upon the ground that the purchaser did have notice of it?

There is no question as to the validity and priority of the Wieters judgment, nor as to the *bona fides* and validity of the assignment to Jordan except as stated; there is no question as to the right of Wieters to sell and assign the judgment, nor as to the right of Jordan to buy it. Wieters sold the first lien judgment to Jordan; Jordan bought what Wieters had the right to sell. It is plain that, if Jordan is to be bound by his knowledge of the unrecorded mortgage, all others with that knowledge would also be bound, and the

unquestioned right of Wieters to sell his valid judgment would be accordingly circumscribed without any fault upon his part.

In 1 Story Eq. Jur. (14th Ed.), § 542 it is said: "The doctrine which has already been stated in regard to the effect of notice is strictly applicable to every purchaser whose title comes into his hands affected with such notice. *But it in no manner affects any such title derived from another person, in whose hands it stood free from any such taint.* Thus a purchaser with notice may protect himself by purchasing the title of another *bona fide* purchaser for a valuable consideration without notice; for otherwise such *bona fide* purchaser would not enjoy the full benefit of his own unexceptionable title."

In 1 Perry Trust (7th Ed.), § 222, it is said: "If the first purchaser from the trustee take the property, *bona fide* for value and without notice, all purchasers from him will take the property discharged of the equitable claims although they have notice of them at the time they purchase of the first purchaser, and such notice to them cannot convert them into trustees."

In 23 A. & E. Enc. L. (2d Ed.), 477, it is said: "It is well settled that where an estate has once come into the ownership of a purchaser for value and without notice, it is thereupon discharged from prior equities, and the purchaser may transfer the property free therefrom, even to one who has notice of them, and they do not revive or re-attach themselves to the estate in his hands. In other words, a *bona fide* purchaser of a title affected by equities may give a clear and perfect title to a purchaser with notice; the reasons being that otherwise there would be great difficulty in alienating the property for a fair value, and that the capacity to hold and enjoy must give rise to a capacity to convey"—citing cases from England, United States Supreme Court, Alabama, Arkansas, Colorado, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Michigan, Mississippi, Missouri, Nevada,

New Jersey, New York, North Carolina, Ohio, Oregon, Texas, Vermont, Virginia, Wisconsin.

The text is cited with approval in the case of *Williams v. Jones*, 74 S. C., 258, 54 So., 558.

In *Buck v. Foster*, 147 Ind., 530, 46 N. E.,' 920, 62 Am. St. Rep., 427, it was held, quoting syllabus: "One who purchases land without notice of an adjoining owner's right of drainage through a ditch thereon, and without knowledge of such facts as would put a man of ordinary prudence upon inquiry, takes the land free of such right, although it is an irrevocable license, and his deed thereto, even to one who does have notice or knowledge of that right, conveys it free of the right."

In *Long v. Fields*, 31 Tex. Civ. App., 241, 71 S. W., 774, 775, the Court held, quoting syllabus: "If plaintiff's grantor held title free from defendant's equities, plaintiff acquired the title free from such equities, whether he had notice of their existence or not."

In *Ford v. Axelson*, 74 Neb., 92, 103 N. W., 1039, it was held, quoting syllabus: "A purchaser with notice from a prior purchaser who was entitled to protection as a *bona fide* purchaser without notice is himself entitled to protection against the previous equitable claim which was invalid as against his grantor."

In *English v. Lindley*, 194 Ill., 181, 62 N. E., 522, it was held, quoting syllabus: "Where a purchaser of real estate had no notice of a prior unrecorded trust deed until after he paid the full price, he can convey a good title, free of the lien of such trust deed, to one who had notice thereof before his purchase."

In *Ryan v. Staples* (C. C. A.), 78 F., 563, it was held that one purchasing from a *bona fide* purchaser, though himself having notice, takes the title of his grantor. See numerous cases to the same effect cited in Decennial Digests, Vendor and Purchaser, 238.

In *Southern R. Co. v. Carroll,* 86 S. C., 56, 67 S. E., 4, 5, 138 Am. St. Rep., 1017, the Court said: "The law is established by numerous decisions, as stated by Chancellor Johnson in *Brown v. Wood,* 6 Rich. Eq., 176: 'Whenever in tracing a title in defendants you first come upon an innocent purchaser having no notice, from that moment the title is considered sacred in equity, under which principle, a purchaser with notice, from one without notice, is protected in this Court.' *McKnight v. Gordon,* 13 Rich. Eq., 223, 94 Am. Dec., 164; *Herring v. Cannon,* 21 S. C., 217, 53 Am. Rep., 661; *Jones v. Hudson,* 23 S. C., 501."

In *Foster v. Bailey,* 82 S. C., 378, 64 S. E., 423, 424, the Court said: " * * * A purchaser for value without notice can convey a good title to one with notice; the immunity of the grantor's title passing to the grantee."

The Wieters judgment was of course a chose in action, and, strictly speaking, an assignee of a chose in action is not entitled to the equitable doctrine of a *bona fide* purchaser; he takes only such interest as the assignor has, and is bound by all the equities binding on the latter. *Maybin v. Kirby,* 4 Rich. Eq., 105; *Westbury v. Simmons,* 57 S. C., 467, 35 S. E., 764; Code Civ. Proc. 1922, § 355. The rule announced in these cases and in the Code manifestly refers to defenses existing at the time of the transfer, *in favor of the obligor upon the chose in action assigned.* The present case presents no such issue; there is no conflict here between the judgment debtors and the judgment creditor; the effort is upon the part of the mortgagees to deprive Jordan of a right which he has obtained by purchase of the judgment, which Wieters had the right to sell and he had the right to buy.

R. L. Klauber contends that the obligation upon which the Wieters judgment was entered was that of the corporation, and that he and Alice K. Jordan were simply indorsers upon the note of the corporation, that the corporation was the primary debtor and they secondary, and that their prop-

erty should not be subjected to the payment of the corpora-
tion's debt until its property was exhausted.

It is held by the Circuit Judge, from which there is
no appeal, that the corporation was the principal
debtor and R. L. Klauber and Mrs. Jordan, the sec-
ondary obligors.

What justice there may be in requiring them to contribute
out of their individual·property to the debt of the principal
debtor we are unable to see. So far as Mrs. Jordan is con-
cerned, she is not a party to this action, and of course is
not bound by any adjudication therein.

We agree with the suggestion of his Honor Judge
Mann, that the mortgagees would have the right to
call upon the trustees for an accounting, that they
may, along with all other creditors, receive what may be
realized from the proceeds of the stock of goods, but that
right may not be allowed to suspend or affect in any way the
right of Jordan and Mrs. Klauber. As the Circuit Judge
holds, that accounting cannot be had in this proceeding for
the trustees are not parties to it.

The decree must be modified by allowing Mrs. Klauber
and M. L. Jordan, *pari passu,* the first lien upon the proceeds
of the sale of the mortgaged property and by reversing the
conclusions affecting the interests of R. L. Klauber and Alice
K. Jordan.

The judgment of this Court is that the circuit decree be
modified as herein indicated, and that the case be remanded
to the Circuit Court for such further orders as may be con-
sistent with the conclusions herein announced; in other re-
spects the decree is affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER and
ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.

MR. CHIEF JUSTICE WATTS did not participate.