### 17294

H. H. GOODWIN and DOROTHY M. GOODWIN, Partners, doing business as Goodwin Truck and Tractor Company, Plaintiffs-Appellants, v. JOEL D. HARRISON, Defendant-Respondent.

(98 S. E. (2d) 255)

244

*J. Perrin Anderson, Esq.,* of Greenwood, *for Appellants,*

*Messrs. Nicholson & Nicholson,* of Greenwood, *for Respondent,*

May 15, 1957.

STUKES, Chief Justice.

This is an action in claim and delivery for the possession or value of a Hudson automobile. It was sold by plaintiffs at their place of business in Spartanburg to one W. F. Durham on August 3, 1955. Durham gave as his address 10 Vance St., Greenville, and the purchase contract recited that the car would be kept there. According to the testimony of the salesman, he had known Durham for several years and had last (about two years previously) known him as a resident of Spartanburg, where he had a son, with or near whom he lived; and Durham told him on August 3 that he was living and working in Spartanburg, but about to leave for Alabama and for that reason did not need a South Carolina license for his new automobile. Plaintiffs took from Durham a chattel mortgage for the credit portion of the sales price, upon which the action was brought. It was recorded in Spartanburg County on August 5, 1955, and subsequently in Greenville County, at 11:00 o'clock a. m., on August 18. Sec. 60-101, Code of 1952.

Evidence in behalf of the defendant was to the effect that Durham traded the automobile, for value, on August 13 to Sullivan Motor Company at Anderson and by that

time had obtained a highway department license for the Hudson°and had given his address as 10 Vance St., Greenville, which he also gave the Sullivan Company as his address. The Sullivan Company inquired of Durham whether there was any mortgage on the car and he replied in the negative. However, the records of Greenville County were searched and there was no mortgage of record. On August 16 the Sullivan Company sold the automobile to Leon-Saunders-Paige Motor Co. of Anderson which, on the same day, sold the car for value to defendant. As to the date of the last transaction there was some dispute in the evidence. That of the defendant showed that on the 16th he delivered to Leon-Saunders-Paige an old automobile as a trade-in and then took possession of the Hudson. The bill of sale showed that date. His mortgage for the credit portion of the price also bore that date, but plaintiffs contended that the transaction was not completed until the afternoon of August 18th, relying upon the probate on defendant's chattel mortgage, which was dated August 18, and the receipt book of Leon-Saunders-Paige which indicated payment of the "cash down payment" of $67.75 on August 18.

Plaintiffs instituted criminal proceedings against Durham for disposing of property under lien and the warrant was served in Greenville County but he was placed in jail in Spartanburg County, later released on bond, and at the time of the trial of this action the criminal case had not come to trial.

At the conclusion of the court's formal instructions to the jury and when they were excused from the court room pursuant to Section 10-1210 of the Cumulative Supplement to the Code, defendant's counsel made the following oral request for additional instructions: "It is our understanding of the law that the equities of one purchaser are passed on to a subsequent purchaser, who is also an innocent purchaser for value. We'd like that request because you have two transactions between this purchaser and the original transaction." The court declined

to so instruct the jury. They returned verdict for the plaintiffs for possession of the automobile or its value.

Defendant moved for new trial which was granted by the court upon the ground that the above quoted requested instruction should have been given. Plaintiffs have appealed and defendant has submitted additional grounds to sustain the order for new trial, which latter impute other errors of omission and commission in the instructions. It is not necessary to consider the additional grounds because we conclude that new trial was properly granted upon the ground stated in the order.

Appellants contend that the defense encompassed in the questioned instruction was not pleaded in the answer, which is quoted in material part, as follows:

"3. That he (defendant) purchased said automobile for valuable consideration from Leon-Saunders Motor Company, Anderson, South Carolina, on the 16th day of August, 1955, and alleges that there was nothing on record in Greenville County, the home of W. F. Durham, who is alleged to have given plaintiff mortgage over the said car.

"4. That defendant had no notice of any kind of any claim of the plaintiff and alleges, on information and belief, that subsequent to the date he purchased the said car, the plaintiff did have recorded in the County of Greenville the alleged mortgage.

"5. That this defendant purchased the said car for full consideration without any notice, actual or constructive, that the plaintiff had any claim in the same, and plaintiff, having failed to file any claim it had in the home county of the party who gave the mortgage is now estopped to make any claim against this defendant on account of the said car."

It can not be said that the requested instruction was wholly irrelevant to the answer; the latter contained the plea of *bona fide* purchaser for value without notice. It might have plainer and more fully set out the similar intervening pur-

chases, which respondent asserts would have been improper as evidentiary matter. In the order for new trial the trial judge disposed of the contention by saying that the principle of the requested instruction was not *expressly* (emphasis original) pleaded in the answer. Appellants urge the general rule that instructions on issues which are not within the scope of the pleadings are improper, which may be conceded. However, in view of the border-line nature of the case and the important fact that evidence in proof of the defense suggested by the instruction was received in evidence without objection, we agree with the trial judge that it was error to refuse the instruction. If there had been objection to the evidence, upon the ground now urged by appellants, respondent may have moved for amendment of his answer, for leave for such he may yet apply.

Like disposition to the foregoing was made of a similar situation in *Wigg v. Orphan Aid Society,* 145 S. C. 393, 143 S. E. 9, 12, and it was said: "If the plaintiff had raised objection during the progress of the trial and moved to strike out the tetsimony, the defendant would have been put on notice, and if advised, moved the court for the answer to be amended to conform to the facts proven—a matter addressed to the discretion of the court. Under the circumstances we do not think the plaintiffs [are] in a position to raise the question as to the insufficiency of the pleadings at this time." The principle was applied conversely in *Taylor v. Winnsboro Mills,* 146 S. C. 28, 143 S. E. 474 (and earlier cases cited) which was a negligence case where recovery was allowed upon unobjected-to evidence of an act of negligence which was not specified in the complaint.

A further contention of appellants is that the request for the instruction was not presented in writing as required by Circuit Court Rule 11. In the first place, that was not the reason of the refusal of it by the court which stated that it was uncertain whether that issue was in the case, and it was added by the court that instruction would not be given with reference to it, quoting

from the record, "one way or the other." Secondly, Code Section 10-1210 does not contemplate written requests for further or other instructions. It provides that after the court has delivered to the jury a charge on the law, the jury shall be temporarily excused to give counsel an opportunity, quoting from the statute, "to express objections to the charge or request the charge of additional propositions　*　*　*." See the several decisions which have construed and applied the statute and are cited in the footnotes to it in the code supplement.

There can be no doubt of the soundness of the proposition of law which respondent's counsel asked the court to charge. Applying it to the facts of the case, if Sullivan Motor Company acquired the automobile on August 13 from Durham, for value, without actual notice of his mortgage to appellants, and if it was not at that time of record in the county of Durham's residence, as that term is used in the recording statute, the Sullivan Motor Company became the owner of the automobile free of the lien of the mortgage; and subsequent purchasers succeeded to its rights. Under the evidence the Leon-Saunders-Paige Company also may have been a *bona fide* purchaser for value without notice, whose title as such passed to respondent upon his purchase, although they need not have been if the Sullivan Company was. The governing law has been established by many decisions; among them are: *Fretwell v. Neal,* 11 Rich. Eq. 559, 572, "the well-recognized doctrine of equity being that wherever, in a succession of purchasers you reach one who is innocent and purchases in ignorance, the title is thenceforth sanctified"; *Foster v. Bailey,* 82 S. C. 378, 382, 64 S. E. 423, 424, "The case illustrates the danger of negligence in complying with the recording statute"; *Southern Railway v. Carroll,* 86 S. C. 56, 67 S. E. 4; and *McCandless v. Klauber,* 158 S. C. 32, 155 S. E. 141. The rule is well stated in 77 C. J. S. 1110 Sales § 296 d, p. 1110, as follows:

"After property has passed into the hands of a *bona fide* purchaser, every subsequent purchaser stands in the shoes of such *bona fide* purchaser and is entitled to the same protection as the *bona fide* purchaser, irrespective of notice, unless such purchaser was a former purchaser, with notice, of the same property prior to its sale to the *bona fide* purchaser."

Appellant also contends that the doctrine which has been discussed is one of equity and is inapplicable to this case at law. True, it originated in equity but it has long been recognized and applied by the law courts in cases involving the recording statutes. *Gregory v. Ducker,* 31 S. C. 141, 9 S. E. 780, 781, was an action in claim and delivery, like this. The plea of purchaser for value without notice of the mortgage was interposed and the jury found for plaintiffs on the facts. The trial court set the verdict aside upon the ground that the plea was equitable and should be tried by the court. Upon appeal the order was reversed and the verdict reinstated. It was said in the opinion by Justice McIver:

"As to the second defense, while it may be true that the plea of purchaser for valuable consideration without notice may ordinarily be said to rest upon equitable principles, yet when, as in this case, it rests upon the express provisions of the recording acts, it seems to us that it must be regarded as presenting simply a legal issue. Under our registry act * * * a mortgage not duly recorded is practically null and void,—is no mortgage,—so far as subsequent creditors or purchasers without notice are concerned, and this is so without inquiry into the equities of the parties, but simply as a matter of express statutory enactment. Hence where, as in this case, a party seeks to recover possession of personal property, claiming through a mortgage, if the defendant undertakes to defend by showing that he is a subsequent purchaser for valuable consideration without notice, his defense does not rest upon any equitable principle, but upon his legal rights as declared by statute."

Decided on the same day as the last cited *Gregory v. Ducker,* opinion also by Justice McIver, was *London v. Youmans,* 31 S. C. 147, 9 S. E. 775, 776, which was another action in claim and delivery. It was held that, quoting Pomeroy, "if a second purchaser for value and without notice purchases from a first purchaser, who is charged with notice, he thereby becomes a *bona fide* purchaser, and is entitled to protection. * * * The same rule applies under the recording acts. * * *."

· *Charleston Live Stock Co. v. Collins,* 79 S. C. 383, 60 S. E. 944, was also an action in claim and delivery in which the defense of purchaser for value without notice was entertained and adjudicated. It was said by the court that the plea is equitable unless it arises under the recording statutes, for which *Armour & Co. v. Ross,* 75 S. C. 201, 55 S. E. 315, was cited. That was an action at law for damages for conversion in which the plea was held to present a legal issue because it arose under the recording acts.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.