6988

## FRASIER & CO. v. CHARLESTON AND WESTERN CAROLINA RY. CO.

CARRIER—FREIGHT—PENALTY.—A shipment of freight from a point within the State partly through another State to a point within this State is an interstate shipment, and in absence of proof of delay within the State, a State law providing a penalty for delay does not apply.

Before GARY, J., Abbeville, October term, 1907. Affirmed.

Action by Frasier & Co. against Charleston and Western Carolina Railway Company. From judgment of Circuit Court, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *Is this an interstate shipment?* 145 U. S., 192; 162 U. S., 650; 173 U. S., 285; 75 S. C., 276; 169 U. S., 133, 311.

*Mr. Wm. P. Greene,* contra, cites: *Court properly held this to be an interstate shipment:* 29 S. C., 510; 187 U. S., 617; 18 Fed., 13; 3 L. R. A., 238; 7 Inters. Com. R., 92,

160, 161; 17 L. R. A., 433; 4 Inters. Com. R., 403; 24 S. W., 1002; 22 L. R. A., 570; 145 U. S., 192; 142 U. S., 217.

August 4, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought to recover damages and for penalty under the act of 1904 for delay in the transportation of a car of fertilizers from Yemassee, in this State, to Mt. Carmel, in this State, the necessary route, however, lying partly in the State of Georgia, by way of Augusta. There was no evidence that the delay occurred within this State. Judgment was allowed by consent for ten dollars damages, but judgment for penalty was denied by Judge Ernest Gary, who held that the transportation was interstate and that the statute, being limited to transportation within the State, did not apply.

The plaintiff's exceptions must be overruled under the cases of *Sternberger* v. *Cape Fear, etc., Ry.,* 29 S. C., 510, 7 S. E., 836, 2 L. R. A., 105 ; *Hanley* v. *Kansas City R. Co.,* 187 U. S., 617, and the case of *Hunter* v. *Charleston and Western Carolina Ry. Co., post,* 169.

The judgment of the Circuit Court is affirmed.