### 7441

### MOORE v. ATLANTIC COAST LINE R. R.

1. CARRIER AND FREIGHT—DAMAGES—NEGLIGENCE.—The assignee of a bill of lading of goods delivered to the terminal carrier after assignment, has the right to bring an action against the terminal carrier for damages caused by its negligence.

2. IBID.—IBID.—SPECIAL DAMAGES.—Consignee of freight cannot recover special damages for failure to transport promptly unless the circumstances which would give rise to such damages are noticed to the carrier at the time of making the contract of transportation.

3. CONSTITUTIONAL LAW.—The act, 24 Stat., 671, relating to penalty for delay in transportation, does not apply to interstate shipments.

Before SEASE, J., Darlington. Modified.

Action by J. N. Moore against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. W. F. Dargan* and *P. A. Willcox,* for appellant. *Mr. Dargan,* cites: *Consignee of freight can alone maintain action:* 25 S. C., 216; 23 S. C., 339; 50 S. C., 137; 79 S. C., 158: *No notice of special damages:* 81 S. C., 536; 23 S. C., 498; 83 S. C., 501. *Act, 24, Stat., 671, does not apply to interstate shipment:* 81 S. C., 162, 169.

*Messrs. Miller & Lawson,* contra, cite: *Right of plaintiff to maintain this action:* 78 S. C., 8; 6 Ency., 610; 4 Elliott

on R. R., 1483, 1693-4; 21 Ency., P. & P., 652; 4 S. C., 387;
25 S. C., 216; 38 S. C., 86; 82 S. C., 471; 50 S. C., 514.
*Special damages recoverable:* Street's Found. of Legal Liab.,
446; 4 Elliott on R. R., 1730; 71 S. C., 85; 76 S. C., 198;
6 L. R. A., U. S., 1058; 77 S. C., 185. *24 stat., 671, in
nowise interferes with interstate commerce:* 8 Fed. St. Ann.,
429, 461; 109 N. C., 279; 63 S. C., 181; 78 S. C., 36, 57; 81
S. C., 69; 26 R. L. A., 698; 23 N. W., 871; 8 Words &
Phrases, 7503-4; 81 S. C., 162. *Plaintiff entitled to relief
under prompt shipment statute:* 82 S. C., 242; 177; 81 S. C.,
71; 77 S. C., 277; 77 Conn., 106; 147 Ala., 573.

February 21, 1910.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.   The complaint sets out two causes
of action.   The first is for damages alleged to have been
sustained by the plaintiff through the negligence of the
defendant.   The second is for the penalty, under the provi-
sions of an act, entitled "an act to prevent delays in the
transportation of freight by the railroads in this State,"
(approved the 25th of March. 1904, page 671, and amended
in 1907, page 490). ·

The first exception is as follows:   "Because it appears
from the testimony that the defendant and the plaintiff had
no contract, but that the contract of the plaintiff was with
Gibbes & Co., of Columbia, S. C., under which they
undertook to deliver to the plaintiff, at Hartsville,
these gin brushes, and the remedy of the plaintiff was
against Gibbes & Co. for any delay in transportation, and
not against the defendant.   Therefore the Circuit Judge
should have directed a verdict for the defendant."

The goods were delivered to the Southern Ry. Co., for
transportation on the 14th of September, 1907, at Charlotte,

N. C., consigned to Gibbes Machinery Co. Order: Notify J. N. Moore, Hartsville, S. C.

Endorsed on the bill of lading is the following:

"Sept. 15, 1907. Deliver to the order of J. N. Moore. Gibbes Machinery Co."

The following appears on the freight bill: "J. N. Moore. Order: Notify. To Atlantic Coast Line Railroad Co. Dr. for charges on articles transported (then follows a description of the articles mentioned in the complaint).

Paid Oct. 1, 1907. Hartsville, S. C."

The goods were received by the defendant from the Southern Railway Co., on the 18th of September, 1907; were forwarded by the defendant on the 25th of September, 1907, and were delivered to the plaintiff on the 1st of October, 1907.

By virtue of the assignment hereinbefore mentioned, the plaintiff at the time of the delay was the owner of the goods, and he alone sustained damages in consequence thereof. He, therefore, had the right to bring an action for the damages suffered by him. This exception is overruled.

The second exception is as follows: "Because there was no evidence that the Southern Railway Co. or the defendant had notice, at the time the contract was made, to deliver the gin brushes, of any special use to which they were to be applied, or of any damages that would result from delay in delivery. Therefore, the Circuit Judge should have directed a verdict for the defendant."

The question presented by this exception is concluded by the recent decision, in the case of *Towles* v. *R. R.,* 83 S. C., 501 (as the notice of special damages was not given until after the shipment), where the rule is thus stated: "The rule is well settled that notice, at the time of the contract, of circumstances from which special damages may reasonably be expected to result, will make the defendant liable for such

damages, on the ground that they were within the contemplation of the parties, and, therefore, are regarded as forming a part of the contract. Special damages can not be recovered in an action *ex contractu,* unless the defendant had notice of the circumstances, from which they might reasonably be expected to result, at the time the parties entered into the contract, as the effect of allowing such damages would be, to add to the terms of the contract another element of damages, not contemplated by the parties. And when the plaintiff waives the right to sue upon the contract, and brings an action *ex delicto,* special damages, for a similar reason, are not recoverable. When parties enter into a contract, and there is a breach thereof, for which an action may be brought either *ex contractu* or *ex delicto,* the plaintiff must elect whether to sue upon the contract or for the tort, as he can only resort to one of said actions. But he can not, by adopting a particular form of action, change the rights of the parties under the contract."

This exception is sustained.

The plaintiff also appealed from the order sustaining the demurrer to the second cause of action, on the ground that it did not state facts sufficient to constitute a cause of action, in that the act of 1904, hereinbefore mentioned, has no application to interstate shipments.

The ruling of his Honor, the presiding Judge, is sustained by the cases of *Frasier & Co.* v. *Ry.,* 81 S. C., 162, 62 S. E., 14, and *Hunter* v. *Ry.,* 81 S. C., 169, 62 S. E., 13.

It is the judgment of this Court, that the judgment be reversed, and a new trial granted as to the first cause of action; and that the judgment be affirmed as to the demurrer to the second cause of action.