RAMER v. HUGHES

(Four Cases)

(127 S. E., 565)

1. APPEAL AND ERROR—ORDERS GRANTING OR REFUSING NEW TRIALS ON QUESTIONS OF FACT NOT REVIEWABLE, EXCEPT IN STATED INSTANCES. —In law case, Supreme Court has no jurisdiction to review orders granting or refusing new trials based on or involving questions of fact, unless finding is unsupported by evidence or conclusion reached was influenced by error at law.

2. NEW TRIAL—THAT VERDICTS IN ACTIONS TRIED TOGETHER WERE INCONSISTENT HELD NOT TO REQUIRE SETTING ASIDE OF BOTH.—Where action by husband for damages arising from injuries to wife, and by husband and wife for pain and suffering of wife were tried together, *held*, verdict for defendant in second action, though inconsistent with, did not require setting aside of verdict for husband in first action, and Court's action in setting aside verdict for defendant was not error.

3. JUDGMENT—WHERE ACTIONS TRIED TOGETHER, VERDICT ADVERSE TO PLAINTIFF IN ONE HELD NOT TO PRECLUDE RECOVERY BY PLAINTIFF IN OTHER INVOLVING SAME FACTS.—Where husband's action for damages from injuries to wife and action by husband and wife for damages for wife's suffering were tried together, *held*, verdict for defendant in second action was not such an adjudication as could

be held under the doctrine of *res adjudicata* or any principle of estoppel to preclude recovery by husband in first action.

4. TRIAL—INSTRUCTION AS TO LAW OF SUDDEN PERIL HELD NOT FATALLY DEFECTIVE.—Instruction as to law of sudden peril *held* not fatally defective for failure to include, as a condition of its applicability, fact that emergency must have been caused by act of party invoking the rule, in view of preceding instruction.

5. TRIAL—IT IS NOT NECESSARY TO COMPLETENESS OF INSTRUCTIONS THAT LAW APPLICABLE TO ALL QUESTIONS BE STATED IN SINGLE INSTRUCTION.—It is not necessary to completeness of instructions that law applicable to all questions be stated in single instruction.

6. APPEAL AND ERROR—WHERE ACTIONS TRIED TOGETHER, INSTRUCTIONS INVOLVING ONLY ACTIONS WHEREIN VERDICTS WERE RENDERED FOR DEFENDANT HELD NOT PREJUDICIAL.—Where four actions by husbands and husbands and wives jointly against same defendant were tried together, instruction that husbands were not necessary parties to either of the actions by husband and wife *held* not capable of prejudice to defendant, in view of verdicts for him in such actions.

Before DENNIS, J., Greenville, April, 1924. Affirmed.

Four actions, by Ralph J. Ramer and by J. E. Barton, individually and jointly with their wives, against Floyd Hughes, tried together. Verdicts were rendered for the named plaintiffs in the actions by them individually, and for defendant in the other two actions, which latter verdicts were on plaintiffs' motions set aside, and new trials granted, and defendant appeals. Affirmed.

*Messrs. Martin & Blythe,* for appellant, cite: *Order for new trial on legal grounds is appealable:* 120 S. C., 235; 108 S. C., 486; 126 S. E., 46. *Where in joint action wife is precluded from recovery husband is also precluded:* 63 Fed., 39; 25 A. L. R., 743; 2 A. L. R., 586, 692; 13 R. C. L., 461; 104 S. C., 266; 106 S. C., 21. *Special finding controls over general verdict:* 94 S. C., 325; 99 S. C., 187; 100 S. C., 230; 38 Cyc., 1926. *Judgment cannot stand on findings of fact which are inconsistent:* 38 Cyc., 1986; 24 L. R. A. (N. S.), 1. *Law as to sudden peril:* 100 S. C., 438; 82 S. C., 79; 91 S. C., 219; 6 A. L. R., 680. *Husband*

*necessary party in an action for injuries to wife:* Code,
Proc. Sec. 357; 27 S. C., 318; 80 S. C., 133.

*Mr. J. Robert Martin,* for respondent, cites: *Husband
only formal party:* 114 S. C., 47; 121 S. C., 72. *Right
of action by husband and by wife in these cases are separate:*
97 S. C., 27; 115 S. C., 117. *Court will not consider
method by which jury reached its conclusions:* 2 Bailey
578; 21 S. C., 343; 54 S. C., 154; 90 S. C., 469. *Improper
verdict in wife's case does not invalidate correct verdict in
husband's case:* 115 S. C., 117. *Result of one act would
not be res adjudicata of other acts:* 17 S. C., 35; 77 S. C.,
89; 81 S. C., 518; 84 S. C., 196; 53 S. C., 289. *Order for
new trial not based on legal error and not appealable:* 77
S. C., 319; 78 S. C., 128; 82 S. C., 206; 83 S. C., 33; 83
S. C., 565; 85 S. C., 83; 86 S. C., 479; 88 S. C., 351; 57
S. C., 138. *Sudden peril:* 82 S. C., 355; 86 S. C., 107;
97 S. C., 162.

*Messrs. Bonham, Price & Poag* and *T. Allen,* for re-
spondent, cite: *Sudden peril:* 82 S. C., 79.

April 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

An automobile, the property of R. L. Ramer, occupied
by Mrs. Rosa E. Ramer (wife of R. J. Ramer) and Mrs.
Christine Barton (wife of J. E. Barton) and driven by Mrs.
Barton, collided with an automobile driven by the defend-
ant, Floyd Hughes, on a highway of Greenville County.
For the damages alleged to have been sustained as a result
of this collision, four separate actions were brought against
the defendant, Hughes. R. J. Ramer sued for actual dam-
ages to his car and for doctors' and hospital bills, amounting
to $1,818.90, and for punitive damages in the sum of $1,000.
J. E. Barton sued for actual damages in the sum of $10,000,
on account of doctors' and hospital bills incurred for his
wife. R. J. Ramer and Mrs. Rosa E. Ramer sued for

$15,000 actual damages for pain and suffering of Mrs. Ramer. J. E. Barton and Mrs. Christine Barton sued for $20,000 actual damages on account of pain and suffering of Mrs. Barton.

These four separate actions were, by consent, tried together. The jury rendered verdicts in each of the separate causes as follows: (1) In the case of R. J. Ramer, "we find for the plaintiff $1,818.90 actual damages"; (2) in the case of J. E. Barton, "we find for the plaintiff $5,000 actual damages"; (3) in the case of R. J. Ramer and Mrs. Rosa E. Ramer, "we find for the defendant"; and (4) in the case of J. E. Barton and Mrs. Christine Barton, "we find for the defendant." Motions for new trials were made in each of the four cases. In the cases of R. J. Ramer and J. E. Barton, defendant's motions for a new trial, were refused. In the cases of R. J. Ramer and Mrs. Rosa E. Ramer, and of J. E. Barton and Mrs. Christine Barton, plaintiffs' motions for a new trial were granted.

The defendant, Hughes, has appealed upon exceptions, which assign error (1) in overruling the defendant's motions for new trials in the cases of R. J. Ramer and J. E. Barton; (2) in setting aside the verdicts in the two cases brought by the wives, Mrs. Ramer and Mrs. Barton, with their husbands joined; and (3) in the Court's charge to the jury.

*First, as to alleged error in refusing defendant's motions for a new trial in the cases of R. J. Ramer and J. E. Barton:*

The defendant's motion for a new trial in each case was based upon the same grounds. The grounds set out in the record are those used in the J. E. Barton case, and are, in substance, as follows:

(1) That the verdict was inconsistent with the verdict rendered in the case of J. E. Barton and Mrs. Christine Barton, in which case the same jury upon the same facts held that there was no liability to the plaintiff, and, inasmuch as Mr. Barton, under the law, was a necessary party to the

action brought by himself and wife, the verdict in that case in favor of the defendant, exonerated the defendant from liability to the plaintiff in this case; (2) that "under the law the plaintiff cannot recover in this case if the defendant was not guilty of negligence operating as a proximate cause of the injury, or if Mrs. Barton was herself guilty of negligence contributing as a proximate cause to the injury, and that the verdict of the jury in the case of J. E. Barton and Mrs. Christine Barton against the defendant determine that there was no liability arising out of the facts and must have rested upon the finding that the defendant was free from negligence, or that Mrs. Barton was guilty of contributory negligence, either of which would defeat the recovery in this case; (3) assuming that if the verdict of the jury in the case of J. E. Barton and Mrs. Christine Barton against the defendant was based upon contributory negligence such contributory negligence would be imputed to the plaintiff Barton in an action brought by him individually upon the same state of facts, and would be a complete defense to such action, and the jury erred in not finding for the defendant in the case brought by Barton individually upon the ground that the imputed contributory negligence of the wife operated to defeat his right to recover; (4) that the finding of the jury in favor of the defendant in the case brought by J. E. Barton and Mrs. Christine Barton against him is a complete bar to a recovery by J. E. Barton in any action brought by him for damages against the defendant upon the same state of facts as in the case of Barton and wife against the defendant."

In the order disposing of the motions for a new trial in the four cases, the Circuit Judge said:

"In the case of Ralph J. Ramer and in the case of J. E. Barton verdicts were given by the jury in favor of each of these plaintiffs for actual damages. In the two cases brought by the wives of these gentlemen verdicts were found for the defendant. It is contended by the defendants that

these two verdicts show that the jury thought the two ladies guilty of contributory negligence and not entitled to recover. I have given this matter considerable thought, and I have come to the conclusion that the jury did not understand that they could give these two ladies actual damages; in other words, I did not make clear to them that they could award actual damages for suffering, and the jury seemed to take the view that actual damages meant compensation for money actually paid out. I think the verdict in the case of Christine Barton and her husband and Rosa E. Ramer and her husband is contrary to the evidence, and for that reason should be set aside. I think the verdicts in the case of Ralph J. Ramer and J. E. Barton should stand."

It is well settled that in a law case this Court has "no jurisdiction to review orders granting or refusing new trials, when they are based upon or involve the decision of questions of fact, unless it appears that the finding is wholly unsupported by evidence, or the conclusion reached was influenced or controlled by some error of law." *Miller v. Railroad Co.*, 95 S. C., 471; 79 S. E., 645. *Turner v. Ry. Co.*, 121 S. C., 159; 113 S. E., 360. Fully recognizing the applicability of that rule here, appellant has elaborately and ingeniously argued that the conclusion reached by the Circuit Judge in overruling the defendant's motion for a new trial was "influenced or controlled" by error of law. The contention is that, for the reasons suggested in the grounds of the defendant's motion for a new trial—which are, in substance, that the verdicts are inherently inconsistent and irreconcilable—the verdict of the jury in favor of the defendant in the action of J. E. Barton and wife, seeking a recovery in damages for the pain and suffering of the wife, required as a matter of law that the verdict for the husband in the case of J. E. Barton, arising out of the same state of facts, should be set aside.

That contention, we think, is clearly untenable. Conceding, for purposes of argument, the validity of all of the elements of the defendant's proposition that

the two verdicts were inconsistent and that, as a matter of law, if the plaintiffs in the action brought by Mr. and Mrs. Barton jointly were not entitled to recover, J. E. Barton was not entitled to recover in the action by him individually, it is apparent, we think, that such inconsistency could require no more than that one or the other of the two verdicts should be set aside. The actions were separate and independent, and, while tried together, the quetsion involved is to be determined as if the verdicts had been rendered in separate trials by different juries. In so far as the validity of the verdicts could be affected by mere inconsistency, if the two verdicts were in fact and in law inconsistent, one was right and the other wrong. Obviously, if the verdict deemed to be erroneous is set aside, logic requires, not that the other verdict be set aside, but that it stand. When, therefore, the trial Judge set aside the verdict in the case brought by the husband and wife jointly, the validity of appellant's argument that the two verdicts were inconsistent and could not stand together was accorded due recognition and given all the force and effect to which it was entitled, as a legal proposition, unless the verdict in favor of the defendant in the one case was such an adjudication as barred the plaintiff's right to recover in the other case.

That the mere verdict of the jury in favor of the defendant in the one case was not such an adjudication as could be held, under the doctrine of *res judicata* or upon any other principle of estoppel, to preclude a recovery by the plaintiff in the other action, would seem to be self-evident. If the verdict in favor of the defendant in the case by the husband and wife precluded a recovery in the action by the husband against the same defendant, then with equal force and logic it could be said that the verdict in favor of the husband in his action precluded or barred a recovery by the defendant in the action brought by the husband and wife jointly. In no view can we perceive how the Judge's action in refusing a motion for a new trial in the

husband's case can be held to have been influenced or controlled by an erroneous view of the law upon the question of whether an adjudication of the rights of the parties to one action was a bar to a recovery by the same parties in the other action—a question, which in the status of the cases at the time of the motions for new trials when no binding adjudication had been reached in either of the causes, and which, if involved at all, should have been raised by demurrer or answer, was in no sense properly before the Court.

If, as follows from the foregoing view, the setting aside of both verdicts was not required by any applicable legal rule or principle, then the force and effect to be given the inconsistency of the two verdicts in passing on the motion for a new trial, in the husband's case was a matter in the discretion of the trial Judge. As was said in *State v. Rush,* 129 S. C., 43, 46; 123 S. E., 765, 766:

"The extent to which juries in the rendition of verdicts should be required to conform to the dominion of Emerson's 'hobgoblin of little minds' is a matter for the trial Judge, in the exercise of his sound discretion, to grant new trials when it appears that a verdict is so capricious as to indicate or involve a miscarriage of justice."

The Judge exercised his discretion to grant a new trial in the one case and to deny it in the other of the cases at bar; a course of action which, certainly, cannot be pronounced an abuse of discretion by reason of the inconsistency of one verdict with the other.

*Second, as to alleged error in granting the plaintiffs' motions for new trials in the actions brought by the husbands and wives jointly:*

The order of the Circuit Judge discloses that he expressly and definitely based his ruling in granting new trials in these cases upon the ground that the verdicts "were contrary to the evidence and for that reason should be set aside." That this Court has no jurisdiction to review such an order, thus grounded upon the trial Court's view of the facts, is too

well settled to justify citation of authority. The exceptions directed to assignment of error in that regard are overruled.

*Third, as to alleged errors in the charge:*

4    It is contended that prejudicial error was committed in charging at the request of plaintiffs' counsel, as follows:

"If one who finds himself or herself in a position of sudden peril, which is occasioned through no fault of his, in seeking to extricate himself from said peril or danger, chooses the dangerous rather than the safe, he cannot be held responsible, nor can he be charged with contributory negligence or recklessness."

That instruction was immediately preceded, in the Judge's general charge, by the following:

"A sudden emergency arises. Who caused that? If the defendant caused that, the defendant cannot take advantage of it. If the plaintiff caused that emergency, the plaintiff cannot take advantage of it. But when that emergency arises a person is required to act under those circumstances as a person of ordinary reason and prudence would act under the same circumstances."

Appellant insists that the instruction complained of was an erroneous statement of the doctrine of sudden peril, in that it did not specifically include as conditions of its applicability (1) "that the dangerous situation was created by the negligence of the defendant"; and (2) that after the emergency arose the "plaintiffs acted as persons of ordinary care would have acted under the same circumstances."

As to the first ground of criticism: There can be 5    no doubt that a plaintiff's right to recover of a defendant damages for an injury sustained as a result of such plaintiff's choice of alternative courses of action in a situation of sudden peril depends upon whether the sudden peril was caused or created by the negligence of the defendant. The negligence of the defendant as a proximate cause of the peril, sudden or otherwise, from which

.injury results, is the foundation of the plaintiff's cause of action. Upon the general issue as to defendant's liability for negligence, it is not contended that the law was not fully and correctly charged in the cases at bar. That law having been so charged, when the emergency rule was invoked by plaintiffs its obvious and only application was to the issue of contributory negligence. Contributory negligence of the plaintiff presupposes and assumes the negligence of the defendant. The essential condition to applying the law of sudden peril and to giving the plaintiff the benefit thereof upon that issue is that the emergency or sudden peril shall not have been brought about by the plaintiff's own fault or negligence. That essential condition was included in the instruction complained of. It is not necessary to the completeness of instructions that the law applicable to all the questions be stated in a single instruction. 14 R. C. L., 771, § 38. In view of the foregoing considerations, we are of the opinion that the Court's charge as to the law of sudden peril may not be condemned as fatally defective because of the failure expressly to include as a condition of its applicability the fact that the emergency was caused by the negligence of the defendant. In *Douglass v. Ry. Co.,* 82 S. C., 71, 83; 62 S. E., 14, 18, a charge to the effect that a plaintiff "could resort to this doctrine" if "he was without fault in getting into the dilemma" was approved by this Court. In *Allen v. Schultz,* 107 Wash., 393, 397; 181 P., 916, 918; 6 A. L. R., 676, 679, the doctrine is thus broadly stated:

"It is probably the general rule that one confronted with a sudden peril not arising from any fault of his own may, to avoid bodily harm to himself, act in the way the emergency seems to require without being guilty of negligence, even though in so acting he injures another who in no way contributed to the condition creating the peril."

As to the second point of criticism: We think the objection is directly and fully met by that portion of the Judge's charge, immediately preceding the instruction complained of

to the effect that, "when that emergency arises, a person is required to act under those circumstances as a person of ordinary reason and prudence would act under the same circumstances."

It is further contended that the trial Judge committed error in charging that the husband was not a necessary party to either of the actions brought by the husband and wife jointly.    In these cases the jury found for the defendant.    How the jury could have been misled to the defendant's prejudice by the charge complained of— the only tenable basis for an assignment of prejudicial error upon an appeal by the defendant to this Court—is not apparent.

All exceptions are overruled, and the order and the judgments of the Circuit Court are affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.