## 17555

Robert VAN DOLSON, Respondent, v. E. D. EARLES, doing business as Associated Mechanical Contractors, Charles J. Craig Construction Company, and Federal Insurance Company, Defendants, of whom E. D. Earles is Appellant.

(109 S. E. (2d) 456)

*Messrs. Rogers W. Kirven,* of Florence, and *John G. Dinkins,* of Manning, *for Appellants,*

*Ralph F. Cothran, Esq.,* of Manning, *for Respondent,*

July 14, 1959.

OXNER, Justice.

While there are other parties defendant, the real controversy here is between plaintiff Robert Van Dolson, a plumber by trade, and defendant E. D. Earles, a plumbing and heating contractor, doing business under the name and style of Associated Mechanical Contractors. Defendant Charles J. Craig Construction Company had a contract for the construction of a school building at Andrews, in Georgetown County, and a school auditorium at Manning. The defendant Federal Insurance Company was surety on its performance bond and, among other covenants, guaranteed the payment of all materials furnished and labor performed on these two projects. Craig Construction Company sublet a part of the work to Earles.

Plaintiff brought this action to recover against all defendants the sum of $3,478.84 for labor and materials furnished on the two jobs. He also sought to recover against Earles alone punitive damages in the sum of $10,000.00 for failure to return his payroll records. In his answer Earles entered a general denial, claimed that the payroll records kept by plaintiff were incorrect, and alleged that plaintiff had been overpaid $500.00 on the job at Andrews and $1,000.00 on the job at Manning. He sought by way of counterclaim to recover against the plaintiff the sum of $1,500.00, representing the aggregate of these alleged overpayments. The Craig Construction Company and its surety alleged in their answers that the former had completed the contract for construction of the two buildings but because of the controversy between the plaintiff and Earles had retained the sum of $4,137.87, which it was holding subject to the order of the Court.

On the trial of the case Earles sought to show various inaccuracies in the records kept by plaintiff and excessive

charges for labor but the main controversy centered around the nature of the agreement between the parties. Plaintiff testified that Earles asked him to go in business with him on the following terms: Earles would get the business, make the estimates and do the bidding, buy the materials and pay for the labor. Plaintiff would be paid the standard wage rate, which at that time was $2.50 an hour, while working as a "mechanic" and would also receive for supervising the jobs 40% of the net profits with the remaining 60% going to Earles. Plaintiff would advance the payroll each week but be reimbursed by Earles every two or three weeks. Plaintiff testified that he accepted this offer with the distinct understanding that a written agreement would be prepared and executed embodying the foregoing terms but that Earles failed to have this done. He further testified that soon after he commenced work the idea of his sharing in the profits was abandoned and it was clearly understood that he was to only receive the regular wage rate for work actually performed. Earles said that no written contract was ever contemplated and that under the oral agreement it was to be a partnership with plaintiff sustaining 40% of any losses. According to Earles, there were losses on each job, 40% of which should fall on plaintiff.

The trial Judge held that there was no basis for an award of punitive damages and eliminated this feature. He submitted to the jury the dispute between Earles and plaintiff as to the terms of the contract, the amount, if any, due the plaintiff, and the amount, if any, due on the counterclaim. The jury returned a verdict in favor of plaintiff for $3,-478.84, the full amount claimed in the complaint.

We shall first consider the exception charging error in the admission of evidence. Most of the plaintiff's claim is for wages and various amounts advanced for payroll. Plaintiff kept the time books. Shortly before this controversy arose he turned them over to Earles for checking. He claims Earles refused to return them and that in order to establish his claim it was necessary to have an

accountant make a summary from copies of the payroll records in his possession. These summary sheets show dates and amounts advanced for payroll and dates and amounts of reimbursement by Earles. According to the record of the trial, no objection was made when these summary sheets were offered in evidence. In fact, one of Earles' counsel stated in the record: "We are not going to object to this." The summary sheets were thereupon admitted in evidence. Notwithstanding the fact that the record shows that this evidence was received without objection, the following appears in the agreed statement for appeal: "This schedule of accounting was objected to by defendants' attorney and was admitted into evidence over their objection." Present counsel for plaintiff says he did not participate in the trial of the case and mistakenly agreed to this statement.

The effect of a conflict between an agreed statement by counsel and the record is discussed in *Forbes v. Kingan & Co.,* 174 S. C. 24, 176 S. E. 880. We need not now enter into a discussion of the subject, for the record shows that Earles' counsel, without reservation of objection, cross examined plaintiff at length concerning these summary sheets. Under these circumstances, the objection is unavailable on this appeal. *Concrete Mix, Inc., v. James,* 231 S. C. 416, 98 S. E. (2d) 841, and cases therein cited. It may not be amiss to add that Earles produced the original records on the trial of the case and they were introduced in evidence, which allowed full opportunity of checking the correctness of the summary sheets.

The second exception is as follows: "That His Honor erred, it is respectfully submitted, in instructing the jury in the forms of the verdict that one form would be for the defendants, whereas the defendant, E. D. Earles, would have been entitled to a verdict for the defendant, singular instead of plural."

This exception is too hypercritical to warrant any extended discussion. As previously pointed out, the controversy here

was solely between plaintiff and Earles and was so treated by the trial Judge in his charge. The jury could not have been misled. The error, if any, was certainly harmless and should have been called to the attention of the trial Judge.

Equally without merit is the third exception which charges that the trial Judge misstated the issues when in outlining and explaining the pleadings, he told the jury that plaintiff claimed he did not enter into any contract for the sharing of profits. It is argued that plaintiff's own testimony was to the effect that he was to share in the profits. We interpret plaintiff's testimony differently but be that as it may, if the trial Judge misstated the issues, the error should have been called to his attention when at the conclusion of the charge, in the absence of the jury, counsel were given an opportunity to make any suggestions or exceptions. Having failed to call the matter to the attention of the Court at that time, Earles cannot now complain. *Richardson v. General Motors Acceptance Corp.*, 221 S. C. 14, 68 S. E. (2d) 874; *Reese v. National Surety Corp.*, 224 S. C. 489, 80 S. E. (2d) 47; *Brown v. Hill*, 228 S. C. 34, 88 S. E. (2d) 838.

The fourth and last exception is to the effect that the trial Judge erred in allowing interest on plaintiff's claim. There was no demand for interest in the complaint. It was not referred to in the charge, nor included in the verdict. The first and only time the subject was mentioned in the Court below was in the order refusing a motion for a new trial wherein the Court directed that defendants pay the plaintiff $3,478.84 "together with interest at the rate of 6% per annum from October 31, 1956, being the date upon which written demand for the balance due was made upon all of the defendants."

We think the allowance of interest was error. It was held in *Rawls v. American Central Insurance Co.*, 97 S. C. 189, 81 S. E. 505, that interest cannot be allowed when to do so would permit a recovery exceeding that demanded

in the complaint. (The verdict here was for the full amount asked.) In *Town of Bennettsville v. Bledsoe,* 226 S. C. 214, 84 S. E. (2d) 554, it was held that interest should not have been included in the judgment when it was not demanded in the complaint or prayer. Of course, plaintiff is entitled to interest from the date of the rendition of the verdict.

The judgment under appeal is affirmed upon condition that plaintiff remit upon the record of it the amount of the interest which accrued prior to the rendition of the verdict; if such remission be not entered within ten days after the remittitur is sent down to the circuit court, the judgment shall be reversed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.