18213

McCray EADDY, Appellant, v. JACKSON BEAUTY SUPPLY COMPANY, Inc., Respondent

(136 S. E. (2d) 297)

*Dan M. McEachin, Esq.,* of Florence, *for Appellant,*

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

May 13, 1964.

BRAILSFORD, Justice.

In this action for damages for personal injuries, allegedly caused by the negligence of an agent of the corporate defendant in the operation of a motor vehicle in the scope and course of his employment, the jury found a verdict for the defendant and plaintiff has appealed.

The complaint contained appropriate allegations to charge the defendant with liability under the doctrine of *respondeat superior*. The first defense of the answer denied these allegations. Subsequent defenses admitted that the defendant's truck was being driven by its employee on the occasion in question, but did not admit that the employee was acting in the scope and course of his employment.

The first and second exceptions charge error in the refusal of the court to give certain instructions which were

requested by the plaintiff. The factual basis on which these exceptions rest is set forth in the agreed statement, from which we quote.

"At the conclusion of the charge of the Court, the plaintiff-appellant requested a peremptory instruction that the negligence of the employee of the defendant, James R. Fagan, was imputable to the defendant or in the alternative that the negligent acts of an agent committed while in and about the duties of his principal are attributable to the principal. There was no dispute in the testimony that James R. Fagan was an employee of the defendant and was acting in and about the business of the defendant and within the scope of his employment at the time of the accident. The Court refused both of these requests and submitted the matter to the jury with no charge upon the law of principal and agent at all. * * *"

Although, as stated by the trial judge in his order refusing a new trial, there was no conflict in the testimony as to agency and no issue of fact thereabout, the legal principle of *respondeat superior* lay at the foundation of plaintiff's claimed right to recover. It was a fundamental part of the applicable law which the judge was required to declare in his instructions to the jury. "Judges shall not charge juries in respect to matters of fact, but shall declare the law." Constitution of South Carolina, Article 5, Section 26.

The opinion in *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, which has been referred to as a legal classic, compares the foregoing section with Article IV, Section 26, Constitution of 1868 and comments: "The permission to 'declare the law' has been changed into a mandate. Instead of the former permissive clause, 'Judges * * * may * * * declare the law,' we find the now imperative provision, 'Judges * * * shall declare the law'." 47 S. C. 507, 25 S. E. 804.

It was said of this section in *Powers v. Rawles,* 119 S. C. 134, 112 S. E. 78, 83, "But conjoined with the duty to refrain from trespassing upon the domain of the facts is

the mandatory and nondelegable duty imposed upon the judge of declaring the law."

We quote from *Collins-Plass Thayer Co. v. Hewlett,* 109 S. C. 245, 95 S. E. 510, 513:

"* * * The law is the right of a party arising out of a state of facts. A jury ought to be instructed about what right springs out of a fact to be determined by them. The jury ought not to be left to cut a way through the woods with no compass to guide it. * * *"

Of course, the right to have the law declared may be waived by the parties and, ordinarily, silence in the face of an omission from or error in the charge amounts to waiver. *Van Dolson v. Earles,* 234 S. C. 593, 109 S. E. (2d) 456.

Here the request to charge was of a controlling principle of law and was timely made. Section 10-1210, Code of 1962; *Goodwin v. Harrison,* 231 S. C. 243, 98 S. E. (2d) 255. Refusal of it was error requiring reversal and a new trial. The other questions raised are not likely to recur and need not be considered.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.