19012

Alice KELLY, Respondent, v. Lanny Mack BRAZELL, Appellant.

(172 S. E. (2d) 304)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, for *Appellant,*

*Messrs. Lee & Ball,* of Columbia, *for Respondent,* 

February 4, 1970.

LITTLEJOHN, Justice.

This tort action for personal injuries growing out of an automobile collision was tried before the Honorable John A. Mason, Judge of the Richland County Court, and a jury, resulting in a verdict in favor of the plaintiff. A motion for a new trial was overruled and the defendant appealed.

The sole exception is as follows:

"That the Court erred in charging the jury that it could return a verdict in favor of the Plaintiff for future medical expenses, the error being that there was no testimony that medical expenses were likely to be incurred in the future."

The judge's charge to which exception is taken is as follows:

"Also, I charge you that you should include in your verdict the reasonable and necessary extents (*sic*) to the plaintiff, if any, for any medical, surgery, or any other services and care which you find reasonably certain to be required in the future treatment of the plaintiff as a proximate result of the injury in question."

A jury should be instructed only as to the issues raised by the pleadings and supported by the evidence. The matters to be covered in the instructions depend upon the issues joined by the pleadings and supported by the evidence.

We review the transcript to the extent necessary to determine whether evidence was introduced warranting the charge that compensation for future treatment might be awarded. The plaintiff is a 60-year-old woman who works as a maid at Columbia College. The injury was to her back and neck. She was hospitalized after the collision for about ten days and remained away from her work for a period of four weeks. Since that time she has been back at her employment. She testified "every once in awhile I stop. I can't keep pace all the time. I have to keep * * * take some time off and due to this accident I be sick and I just can't keep pace but they have patience with me there."

In response to counsel's question: "Are you still having difficulty?" she testified:

"I do, Dr. Lemmon ordered me a brace for my neck and I sleeps in that collar. Now some time when I go to work, I do light work since I been in this accident but after the accident here, I don't know whether I'll be able when the school opens now to keep on keep pace with the rest of the employees cause they looked out for me. They looked out for me all along and gave me lighter work to do."

Dr. Edward Kimbrough testified that in his professional opinion she had a permanent disability of approximately five percent. He stated:

"* * * I gave her some medicine to see what effect that would have on it. The medicine was very effective. Second time I saw her, I found the medicine had almost completely relieved the symptoms; at that time I suggested that she stop the medicine and see if relief would continue; however, when she stopped the medicine, these symptoms returned to some degree and the third time I saw her, I found that out and gave her the medicine again and the fourth time, I found that she had taken the medicine kind of as her symptoms demanded and was getting along well and I felt that she had this mild permanent disability but there was not

very much that I could do for her and dismissed her from treatment on the 25th of January, 1969."

We think that the evidence considered as a whole warrants an inference that some future medical expense would most probably be incurred by this plaintiff. Included in medical expense would be drugs necessary for the alleviation of pain. If drugs be required one cannot eliminate the likelihood of a doctor's attention or the prescribing of drugs from time to time.

It must be conceded that there is perhaps a minimum of certaintly as to the amount of medical expense which might be required in the future, and it would have been helpful to the jury if estimates relative to the amount of medication and the cost thereof had been included. At the same time this court appreciates the fact that estimates might have been difficult.

In the case of *Hiers v. Southeastern Carolinas Telephone Co.*, 216 S. C. 437, 58 S. E. (2d) 692 (1950), the judge granted a nonsuit on the ground that the plaintiff failed to establish with any degree of certainty the amount of profits lost. It was not a personal injury case but the language of the court is persuasive here. This court said:

"It is difficult in cases of this kind to measure accurately the exact amount of damages which might have been sustained, but that fact alone should not deprive the plaintiff of his right to submit his claim to the jury. If an excessive verdict should be the result, the remedy therefor rests in the hands of the trial judge."

By a similar reasoning the fact that future medical expense might conceivably be small and are difficult to estimate would not deprive the plaintiff of the right to have the jury determine whether any award for future medical be made, and if so, what amount. The trial judge charged the jury that an award could not be based on speculation and that damages must be proved by the preponderance of the evidence. He also left it to the jury to

568

determine whether need of future treatment had been proved. A general verdict was returned by the jury. We have no way of knowing whether future medical was allowed, but we cannot say that the charge permitting it was error as a matter of law.

We find no error and the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey, and Brailsford, JJ., concur.