0008

W. A. BAKER, Jr., d/b/a North 17 Joiner Shop, Respondent, v. Legrand WEAVER, Appellant.

(309 S. E. (2d) 770)

Court of Appeals

*E. LeRoy Nettles, of Nettles, Turbeville & Reddeck,* Lake City, *for appellant.*

*William McG. Morrison, Jr.,* and *J. Lawrence Duffy, Jr.,* Charleston, *for respondent.*

November 28, 1983.

GOOLSBY, Judge:

The respondent W. A. Baker, Jr., a joiner, brought this action against the appellant Legrand Weaver, a boat owner, to collect payment for repairs done to Weaver's boat. In a coun-

terclaim, Weaver sought damages because the repairs were not performed in a workmanlike manner and because the repairs were delayed. The jury found in favor of Baker, and Weaver appeals. We reverse and remand for a new trial.

The sole issue presented by this appeal involves Weaver's request for an additional jury instruction sought by him in connection with his counterclaim.

In his answer and counterclaim, Weaver alleged that he contacted for "[Baker] to make repairs to his boat" but that "[Baker did] not properly perform the work on the boat . . . in a workmanlike manner. . . ."

Testimony disclosed at trial that the repairs in question were not done by Baker but rather by third parties who Baker arranged to carry out the work. A factual dispute developed regarding whether Baker was responsible for the allegedly shoddy and delinquent work of the third party repairmen. Baker testified he arranged for the third party repairmen to work on the boat as an accommodation and favor to Weaver, and Weaver testified he relied on Baker to have the repairs done.

After the court charged the jury on the law in the case, Weaver's counsel, outside the jury's presence, asked the court to charge

> . . . the principle that if a party has an obligation to another party and in turn gets some other person to discharge that obligation, the party getting the other person to discharge that obligation is responsible for the failure of the party secured to discharge the obligation if they fail to do so.

The trial judge refused the request. He believed his charge covered the substance of the additional request.

Weaver's sole exception violates Supreme Court Rule 4, Section 6, because it does not contain a complete assignment of error. In spite of that, we have elected to consider the exception and chosen not to dispose of the case on technical grounds because the issue sought to be raised may readily be determined and because the appeal is meritorious. *Sandel v. Cousins*, 266 S. C. 19, 221 S. E. (2d) 111 (1975).

We agree with Weaver's contention that the court's charge did not embrace the requested additional instruction. No

portion of the court's charge dealt with an assignor's liability for an assignee's defective performance.

In South Carolina, a trial judge must "declare the law" to the jury. *See* S. C. Const. art. V, § 17 (1985). Instructions to the jury, however, should be confined to the issues made by the pleadings and supported by the evidence. *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977); *Kelly v. Brazell,* 253 S. C. 564, 172 S. E. (2d) 304 (1970). Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error. *Eaddy v. Jackson Beauty Supply Co.,* 244 S. C. 256, 136 S. E. (2d) 297 (1964).

Express allegations in the answer and counterclaim that Baker had assigned designated boat repair duties to others and that he, as assignor, remained responsible to Weaver for their proper performance were not required to charge Baker with liability and to obligate the trial judge to instruct the jury regarding assignment principles. Under settled contract law, a person may not simply delegate a duty to another and thereby extinguish his own liability to fully perform that duty. *See* John Edward Murray, Jr., *Murray on Contracts* § 302, at 617 (1974); *see also* 6 Am. Jur. 2d *Assignments* § 110, at 293 (1963); 6A C.J.S. *Assignments* § 97, at 753 (1975).

> For the assignee's defective performance the assignor remains liable to the obligor just as he would be for his own defective performance or that of his agent or servant.

Laurence P. Simpson, *Contracts* § 131, at 276 (1965).

The requested additional instruction necessarily related to an issue framed by the answer and counterclaim and raised by the evidence; namely, Baker's liability for the alleged failures of assignees to make proper and timely repairs to Weaver's boat. Indeed, the trial judge conceded that Weaver's counsel had "a valid point" in requesting the additional charge and rejected it only because he erroneously believed that "the totality of the charge" covered the requested instruction.

Weaver's request for a further instruction was timely made because it constituted a request for an "additional proposition[ ] made necessary by the [court's]

charge." *See* S. C. Code of Laws § 15-27-100 (1976); *Eaddy v. Jackson Beauty Supply Co., supra.* Circuit Court Rule 11, which requires requests to charge to be submitted in writing and in advance of jury arguments, had no application, as Baker contends, to the request made here. *Goodwin v. Harrison,* 231 S. C. 243, 98 S. E. (2d) 255 (1957).

Because the requested additional instruction involved a substantial feature of the case arising out of the pleadings and the evidence and because assignment principles lay at the foundation of Weaver's claimed right of recovery, it was prejudicial to Weaver's position for the trial judge not to have given the jury an instruction concerning those principles. The refusal of the request constituted prejudicial error requiring reversal and a remand of the case for a new tril.

Reversed and remanded.

SHAW, J., concurs.

CURETON, J., concurs in separate opinion.

CURETON, Judge (concurring):

I concur with the court's Opinion, but would supplement it. Baker's Complaint included a claim for monies paid by him to the third party repairmen. It is manifestly implicit in such inclusion that a question existed as to whether Baker was liable for the work of the third party repairmen for whose work he claimed the right to collect.

The trial judge in refusing the request for charge made the following comments:

"Mr. Nettles, [Weaver's counsel] you have a valid point in that regard; however, I believe the totality of the charge does cover it."

The trial judge apparently agreed with the principle of law asked to be charged, but thought that the principle was adequately covered by his charge. The pertinent portion of the Judge's charge is as follows:

"in this case the defendant has filed a counterclaim. He alleges and contends that the repair work was undertaken by the plaintiff for him under and (sic) arrange-

ment and agreement. One who undertakes and agrees to repair an item of personal property is liable for any damages proximately resulting from the negligent or unskillful manner in which *he makes the repairs or performs the services.* I charge you in this regard if the defendant contracted with the plaintiff to have the boat in question repaired, the plaintiff owed the duty to exercise and use due care in the repair of the boat and in the *work undertaken by the Plaintiff.*" Emphais added.)

From these instructions, the jury may well have inferred that they need only consider the work actually performed at Baker's shop and need not consider the responsibility of Baker for the work he arranged to have done outside his shop.

In 88 C.J.S. *Trial* § 266 the following pertinent language is found: "The purpose of instructions is to advise the jury as to what law is applicable to a certain state of facts in order that a just, fair and proper verdict of the case can be reached." See *Ramer v. Hughes,* 131 S. C. 490, 127 S. E. 565 (1925). Our Supreme Court has said many times that no instructions should be given by the court which tenders an issue that is not supported by the pleadings and evidence. *Hendricks v. American Fire & Casualty Co.,* 247 S. C. 479, 148 S. E. (2d) 162, 25 A.L.R. (3d) 671; *Quality Concrete Products Inc. v. Thomson,* 253 S. C. 579, 172 S. E. (2d) 279 (1970).

Here the pleadings implicitly raise the issue of Baker's liability for the work of the third party repairmen and much evidence was adduced at trial on that point. I agree that it was error for the court not to have charged the requested instruction.