0744

.Ollie ROWE, Appellant v. HOME SECURITY LIFE INSURANCE
COMPANY, Respondent.

(345 S. E. (2d) 758)

Court of Appeals

*Michael W. Battle,* of *Lovelace & Battle,* Conway, *for appellant.*

*Allen L. Ray,* Conway, *for respondent.*

Heard May 21, 1986.

Decided June 30, 1986.

SANDERS, Chief Judge:

Appellant Ollie Rowe brought this action against respondent Home Security Life Insurance Company alleging the breach of a contract to pay certain disability insurance benefits. The jury returned a verdict for Home Security. We reverse and remand.

By the terms of the contract, Home Security agreed to pay Mr. Rowe the benefits if he should suffer an accidental

injury resulting in his "total disability." The contract provides:

> The term "total disability," whenever used in this policy, means the complete inability of the insured to engage in his regular occupation, except that if indemnities have been paid for twenty-four months in any period of continuous disability, then for the remaining duration of such period of continuous disability, the term "total disability" shall mean the complete inability of the Insured to engage in any gainful occupation.

Mr. Rowe was injured in an accident and Home Security paid him the benefits for two years but refused to pay the benefits thereafter. The issue of fact presented at trial was whether Mr. Rowe was totally disabled after this period. The issue of law presented on appeal is whether the trial judge erred in charging the jury as to the meaning of total disability.

At the conclusion of the evidence, the lawyer for Mr. Rowe requested the trial judge to charge the jury using essentially the same language used by our Supreme Court in *Blackwell v. Prudential Insurance Co. of America*, 206 S. C. 320, 34 S. E. (2d) 57 (1945) and *Dunlap v. Maryland Casualty Co.*, 203 S. C. 1, 25 S. E. (2d) 881 (1943).

In *Blackwell*, the Court quoting *Dunlap* held:

> [T]his Court in the *Dunlap* case said:
> "The clause 'engage in any occupation or employment for wage or profit' should not be construed in the sense of any kind of occupation or employment, however insignificant or small the remuneration might be. We think the expressions 'any occupation' and 'any employment' should be considered to mean the usual employment of the particular person insured, or such other employment, if any, reasonably approximating the same livelihood, as the insured might fairly be expected to follow in view of his station, circumstances, training, aptitude and physical and mental capabilities." The Court further stated: "A policy of this kind cannot be held to be one of income insurance, guaranteeing the insured against depreciation of his income on account of

any injury; yet, if an insured is rendered incapable of continuing in his former occupation, but is able to perform some other work, that work in our opinion must not only be an occupation or employment for which he is reasonably fitted, but must rationally approach the same livelihood and standard of living which he enjoyed prior to his injury."

*Blackwell v. Prudential Insurance Co. of America,* 206 S. C. at 326, 34 S. E. (2d) 59.

Also quoting *Dunlap* to the same effect is *Goudelock v. Prudential Insurance Co. of America,* 219 S. C. 284, 65 S. E. (2d) 114 (1951).

The judge took the request for charge under advisement and ultimately charged the jury as follows:

Now, what do we mean by, engage in any gainful occupation? That's a question for you to determine, based upon the totality of the circumstances. Engage in any gainful occupation could be construed to mean the usual employment of a particular person that has been insured, and that such other employment, if any, reasonably approximating, or which the insured might fairly be able or expected to follow, in view of the Plaintiff's station, his education, his training, circumstances, aptitude, physical and mental condition. Another way of stating it might be that any gainful occupation cannot be held to be the one to insure a certain standard of living, or guarantee an insured against any devaluation of his income. If an insured is rendered incapable of continuing his former occupation, but is able to perform some other work, that other work, in your opinion, must not only be an occupation or employment for which the Plaintiff is reasonably fitted, but which, in the totality of the circumstances, he could continue to perform, in order to insure a standard of living.

At the conclusion of the charge, the lawyer for Mr. Rowe, took exception on the ground the judge had not charged the jury as he had requested. After the verdict was returned, he moved for a new trial on the same ground. The judge denied his motion.

It is apparent that the language used by the judge in charging the jury is very close to the language used by the Court in *Dunlap, Blackwell* and *Goudelock*. However, it is equally apparent that the language of the charge is materially different from the holdings of these cases.

The judge charged the jury that an injured person is not totally disabled if he is able to perform work for which he is "reasonably fitted" and which will provide him "a standard of living." *Dunlap, Blackwell* and *Goudelock* hold that the work must "rationally approach the *same* livelihood and standard of living which he enjoyed prior to his injury."

Based on the evidence, the jury could have found that Mr. Rowe was able to perform work for which he was "reasonably fitted" and which would have provided him with "*a* standard of living" but could also have found that the work would not "rationally approach the *same* livelihood and standard of living which he enjoyed prior to his injury." The jury then would have been bound under the charge to return a verdict for Home Security as it did. This verdict would obviously not have been in accord with the holdings of *Dunlap, Blackwell* and *Goudelock*.

"Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error." *Baker v. Weaver*, 279 S. C. 479, 482, 309 S. E. (2d) 770, 772 (1983).

For these reasons, we reverse and remand for a new trial.

Reversed and remanded.

SHAW and BELL, JJ., concur.